CLAUDE NICHOLS v. THE STATE.

*No. 1135.   Decided May 12th, 1897.*

**1.   Unlawfully Carrying a Pistol—Former Conviction.**

On a trial for unlawfully carrying a pistol, a plea of former conviction, for rudely displaying a pistol, under Penal Code, Art. 334, is not maintainable.   The two offenses are different, with different punishments.   And, moreover, the evidence shows, that the offense of unlawfully carrying the pistol was complete before it was rudely displayed, as charged in the former case.

**2.   Bill of Exceptions Filed out of Time by Agreement of County Attorney.**

A County Attorney has no authority to agree to the filing of a bill of exceptions after term time, nor, that a bill of exceptions may be considered as filed in term time.

APPEAL from the County Court of Hamilton.   Tried below before Hon. J. C. MAIN, County Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $25 dollars.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with carrying on and about his person a pistol, and fined in the sum of $25, and appeals.   In addition to his plea of not guilty, appellant filed a plea of former conviction, in which he states that he had been previously convicted of a disturbance of the peace, by going near a private residence, and displaying a deadly weapon, and further alleging that it was the same transaction as that charged in the information in this case.   So far as this bill is concerned, it may be conceded that the proof in the former case was

in substance that appellant was traveling along the road, and passing near the residence of one Ray; that Ray's dog barked at him, and, after going a short distance, appellant returned, and fired the pistol at the dog, and, in doing so, fired towards the residence of Ray, it being but a few steps away. For this display of the pistol and disturbing the people at Ray's house, appellant was convicted in the Justice Court, under a complaint charging him with going near the private residence of another, and rudely displaying his pistol, under Article 334 of the Penal Code of 1895. On the trial the court instructed the jury "that the plea of former conviction offered by the defendant was stricken out by the court, and, in making up your verdict in this cause, you will not consider the same," etc. This was not error. The offenses are different. Appellant was riding along the road, carrying the pistol with him, before he reached the place where the shooting occurred, and carried it on beyond that point. Our statute has made these offenses different, prescribing different punishments; and the offense of carrying the pistol was complete before it was displayed and fired. Without entering into a discussion of the question, we refer to Wheelock v. State (Tex. Crim. Rep.), 38 S. W. Rep., 182; and Burns v. State, 36 Tex. Crim. Rep., 601. The bills of exception contained in the record cannot be considered, because filed after the adjournment of the term. Court adjourned on the 25th of July, 1896. The bills of exception, three in number, were filed on the 28th of November, 1896. Attached to bill of exceptions No. 2 is found the agreement of the County Attorney that said bill could be considered as if filed in term time. This the County Attorney had no authority to do. The law does not vest him with authority to agree to the filing of bills of exceptions after term time, or that they may be considered as filed in term time. Appellant contends that the verdict is not supported by the evidence. We do not think this is well taken. It is uncontradicted that appellant had the pistol on the occasion in question; that he exhibited it, and fired at the dog or towards the residence of Ray; and it is shown by both sides that he was convicted in the Justice's Court for rudely displaying this pistol. See, Crass v. State, 31 Tex. Crim. Rep., 312. The judgment is affirmed.

*Affirmed.*