### ED KELLETT V. THE STATE.

#### No. 3620. Decided June 28, 1907.

**1.—Disturbing the Peace—Former Acquittal—Different Offenses—Private Residence.**

In a prosecution for the offense of cursing and abusing a person in a manner calculated to provoke a breach of the peace, an acquittal in a prosecution which charged the offense of going near a private house and using language calculated to disturb the inhabitants thereof, under article 334 Penal Code, could not be pleaded in bar; these are distinct and separate offenses and can not be sustained by the same character of proof.

**2.—Same—Difference Between Pleas of Autrefois Acquit and Autrefois Convict.**

There is a distinction between autrefois acquit and autrefois convict; the former is available only in cases where the transaction is the same and the charge can be sustained by the same proof, while autrefois convict only requires that the transaction or the facts constituting it, be the same.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of using abusive language calculated to provoke a breach of the peace; penalty, a fine of $25.

The opinion states the case.

No brief for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—There is no statement of facts in the record. We find in the record a bill of exceptions to the action of the court in charging the jury to not consider the evidence offered by appellant under his plea of former acquittal. The appellant was tried on an information charging that he unlawfully, in the presence and hearing of A. A. Dudley abused him, the said A. A. Dudley, and did use violently abusive language to and concerning the said A. A. Dudley under circumstances then and there reasonably calculated to provoke a breach of the peace, contrary to the statute and against the peace and dignity of the State. The appellant, in the court below, interposed a plea of former acquittal in which plea he set up that he had been tried and acquitted in a court of competent jurisdiction, to wit: the county court of McCulloch County, for the same acts and words as in this cause herein complained of against appellant, and attached to his plea is the information upon which he had been tried and acquitted, which information charged that appellant on the 30th day of January, 1907, and in McCulloch County, did then and there unlawfully go into and near a private house, to wit: the private house of A. A. Dudley, and did then and there unlawfully and wilfully use loud and vociferous language in a manner calculated to disturb the inhabitants of the private house of the said A. A. Dudley contrary to the statute and against the peace and dignity of the State. This information was filed for an offense defined by article 334, Penal Code. In one information the charge is going near a private house and using language calculated to disturb the inhabitants thereof. This is a distinct offense to the offense of cursing and abusing a person in a manner calculated to provoke a breach of the peace. If we are right in this, the action of the court was correct in charging the jury as follows: "Gentlemen of the Jury: You are further instructed that all evidence introduced in this case relative to a purported trial of defendant in this court, on said facts in this case, other than this trial, is hereby withdrawn from your consideration and you are charged that your verdict in this case is in no way to be controlled by any such former purported trials, acquittals or convictions."

Had appellant been convicted, and set up the former conviction, we believe it would have been a bar to this prosecution. However, there is a distinction between autrefois acquit and convict. Autrefois acquit is only available in cases where the transaction is the same, and the

two indictments are susceptible of and must be sustained by the same proof, while autrefois convict only requires that the transaction or the facts constituting it, be the same. See Simco v. State, 9 Texas Crim. App., 338, and Wright v. State, 17 Texas Crim. App., 152. The offenses charged in the information pleaded in appellant's plea of former jeopardy sets up a distinct and different offense to the offense charged in the information under which he was tried in this case, and the proof offered in this case would not have sustained a conviction in the former case, nor the proof offered in the former case sustained a conviction in this case. Hence, they were distinct and separate offenses, and were not susceptible of and could not be sustained by the same character of proof; hence, the court did not err in instructing the jury to disregard the plea.

The record does not contain a statement of facts, and there are no other questions presented, the case is, therefore, affirmed.

*Affirmed.*

Brooks, Judge, absent.