## Lee Ray v. The State.

### No. 744.   Decided October 26, 1910.

**1.—Local Option—Evidence—Harmless Error.**

Where, upon trial of violation of the local option law, the testimony, with reference to acts of the prosecutor and a third party after the whisky had been delivered to him by the defendant, and in defendant's absence, while not strictly relevant, was not a ground for reversal.

**2.—Same—Charge of Court—Accomplice.**

On trial of a violation of the local option law there was no error in the court's failure to charge that the prosecuting witness was an accomplice. Following Sears v. State, 35 Texas Crim. Rep., 442, and other cases.

**3.—Same—Misconduct of Jury—Motion for New Trial.**

Where the defendant, in his motion for new trial alleging misconduct of the jury, did not support the same by affidavit or offer any proof in support of it, there was no error in overruling the motion, besides the affidavits of all the jurors denied this charge.

Appeal from the County Court of Parker. Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is an appeal from a conviction for a violation of the local option law.

It is admitted that prohibition was in effect in Parker County at the time covered in the information. The testimony introduced by the State clearly shows that about the time charged in the information appellant sold to John Morton a bottle of whisky. This is the effect of Morton's testimony, and it is pertinently confirmed and supported by that of other witnesses. There was no testimony offered by appellant.

1. The only bill of exceptions contained in the record recites that after the witness Morton had testified to the sale, that he then was permitted to say that after appellant delivered the whisky to him that he and appellant took a drink or two out of same. That while

appellant was still with him, one Hardin Moore came to where they were when appellant finally left, and that he and Moore took another drink when he turned the whisky over to Moore. This is objected to because the transaction was in the absence of appellant and not binding on him, was a subsequent transaction constituting a sale, and irrelevant and immaterial. In this connection it should be stated that Moore did not testify in the case. While this evidence was not strictly relevant to the charge made, it is not hurtful in its nature and can furnish no just ground for reversal.

2. The charge of the court is not complained of except for the fact that the court failed to charge that the prosecuting witness Morton was an accomplice. That the purchaser in an illegal sale of intoxicating liquor is not an accomplice with the seller in the violation of the law and that his testimony is not subject to the rule governing the accomplice testimony, is no longer an open question in this State. Sears v. State, 35 Texas Crim. Rep., 442; Terry v. State, 45 Texas Crim. Rep., 264, 71 S. W. Rep., 968; McColloh v. State, 44 Texas Crim. Rep., 152, 71 S. W. Rep., 278; Penal Code, art. 407.

3. It is averred also there was misconduct of the jury in the trial of the cause in that after retirement of the jury and before they reached a verdict various members of the jury spoke about, alluded to and commented on the failure of appellant to take the stand and testify in his own behalf. This motion for new trial is not sworn to by appellant, nor was any proof offered in support of it. On the other hand we find the affidavit of all the jurors distinctly negativing this ground of the motion.

The appeal seems to be without merit, and the judgment of conviction is therefore affirmed.

*Affirmed.*