S. N., ALIAS BUD, CREECH V. THE STATE.

No. 2215.   Decided April 23, 1913.

Rehearing denied June 4, 1913.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Indictment.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same was sufficient.   Following Mizell v. State, 59 Texas Crim. Rep., 226.

**2.—Same—Former Jeopardy—Disorderly House—Distinct Offense.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the defendant pleaded former jeopardy, and it appeared from his said plea that he was charged in said former trial and conviction with an entirely separate and distinct offense, towit, that of keeping a disorderly house for the sale of malt liquors, etc., without license, at an entirely separate and distinct time, there was no error in the court's failure to submit said plea.

**3.—Same—Rule Stated—Former Jeopardy—Same Offense.**

Under Section 14, Article 1 of the Constitution, the term same offense as used therein does not mean an offense of the same nature or of similarity, but the identical offense.   Following Muckenfuss v. State, 55 Texas Crim. Rep., 216, and other cases.

**4.—Same—Plea of Former Conviction—Pleading.**

The plea of former conviction, to be sustained, must allege the proceedings which resulted in such former conviction, including the pleadings and evidence, judgment and verdict, and the identity of the person convicted.   Following Williams v. State, 13 Texas Crim. App., 285, and other cases.

**5.—Same—What Proof Necessary—Acts Must Be Same.**

To sustain the plea of former conviction, the defendant must prove that the acts which constitute the offense for which he was formerly convicted are the very acts which constitute the offense for which he is on trial.   Following Kain v. State, 16 Texas Crim. App., 282, and other cases.

**6.—Same—Carving—Time of Offense.**

When the time is carved, where the offense is continuous, the proof must be confined to the acts done within the time alleged, whether the plea be of former conviction or acquittal, and a plea of former conviction will not avail where such time has not been utilized by a former conviction.   Following Fleming v. State, 28 Texas Crim. App., 234.

**7.—Same—Evidence—Cross Examination.**

Upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting testimony as to the number of times the witness bought liquor from defendant and drank the same with other parties, and refusing defendant's counsel to ask the witness on cross-examination, as to how old these parties were and where they came from.

8.—Same—Setting Case for Trial—Practice in District Court—Discretion of Court.

Where, upon appeal from a conviction of felony, the record did not show that the court abused his discretion in setting the case for trial and forcing defendant to trial, there was no error; appellant accepting the bills of exceptions as qualified.

9.—Same—Attorney and Client—Consultation.

Where, upon appeal from a conviction of felony, appellant complained that the court below did not permit his counsel sufficient time to consult his client before putting him on the witness stand, and fining the attorney in connection therewith, but the bill of exceptions as qualified by the court, did not show any action on the part of the court upon which defendant's counsel could complain, there was no error.

10.—Same—Argument of Counsel—Limiting Time—Discretion of Court.

In the absence of abuse of discretion to such an extent as to show . material injury to the defendant, a complaint that the court below limited the argument of the case to one hour to the side is not cause for reversal.

11.—Same—Evidence—Time of Different Sales.

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, it was not necessary to confine the evidence to specific sales alleged in the indictment; besides, many sales, as alleged, were proven. Following Clay v. State, 55 Texas Crim. Rep., 402; 144 S. W. Rep., 280, and other cases.

12.—Same—Argument of Counsel.

Where, upon trial of unlawfully selling intoxicating liquors in local option territory, State's counsel remarked in his argument to the jury that the defendant had walked up and down the street looking for men to sell whiskey to, etc., to which the court sustained objections and instructed the jury in a written charge not to consider the same, there was no reversible error.` Following Tweedle v. State, 29 Texas Crim. App., 586, and other cases.

13.—Same—Occupation—Definition—Charge of Court.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court's definition of · the terms "occupation" and "business" in his charge to the jury conformed to approved precedent, there was no error. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

14.—Same—Occupation—Requested Charge.

A requested charge instructing the jury that the terms "occupation and business," in a prosecution for pursuing the occupation of selling intoxicating liquors in local option territory, meant vocation, calling, trade, the business which one principally engages in to procure a living or obtain wealth, was · correctly refused.

15.—Same—Accomplice—Charge of Court.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court submitted the question of accomplice concerning the State's witnesses to the jury under a proper charge, there was no error in not charging the jury as a matter of law that said witnesses were accomplices.

16.—Same—Accomplice—Purchaser of Intoxicating Liquors.

One who merely purchases intoxicating liquor from one unlawfully selling it, and connected with it in no other way than as a purchaser is not an accomplice, and the court correctly charged the jury to this effect. Following Fox v. State, 53 Texas Crim. Rep., 150, and other cases.

**17.—Same—Accomplice—Question of Fact.**

Ordinarily where there is no doubt and the proof is certain that any witness is an accomplice, the court should so tell the jury; but even where that is the case, it is sufficient to submit the question to the jury. Following McGrew v. State, 31 Texas Crim. Rep., 336, and other cases.

**18.—Same—Charge of Court—Requested Charge—Practice on Appeal.**

It is a well established rule that when the lower court has charged the law applicable to the case in distinct and comprehensive terms, this court will not reverse because it might have been fuller and more pertinent, when appellant requests no special charge. Following Dozier v. State, 62 Texas Crim. Rep., 258.

**19.—Same—Accomplice—Charge of Court.**

Where, upon trial of felony, the evidence at most only tended to show that certain State's witnesses were accomplices, the court correctly submitted that question to the jury.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Fears,* for appellant.—On question of former jeopardy: Fleming v. State, 28 Texas Crim. App., 234; Com. v. Robinson, 126 Mass., 259; Com. v. Dunster, 145 id., 101; Lindley v. State, 57 Texas Crim. Rep., 305.

On question of court's charge on occupation: Fitch v. State, 58 Texas Crim. Rep., 366.

On question of different sales: State v. Eubanks, 41 Texas, 291.

On question of cross-examination of witness and fining counsel for defendant: Moncallo v. State, 12 Texas Crim. App., 171; Crook v. State, 27 Texas Crim. App., 198; Simmons v. State, 55 Texas Crim. Rep., 441; McMahan v. State, 61 id., 489; Moore v. State, 33 id., 306.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in Ellis County, Texas, after and while prohibition had been duly put in force in said county, and his penalty fixed at five years in the penitentiary.

The indictment charged the offense to have been committed on or about March 20, 1912, and alleged many sales to various persons, naming them. The indictment follows substantially and fully the form of indictment laid down and approved by this court in Mizell v. State, 59 Texas Crim. Rep., 226, and many cases decided by this court since then.

Appellant plead former jeopardy, and raised the question in many ways. The State contested his plea and contention and denied that

there was any former jeopardy. The former indictment and conviction relied upon by appellant was an indictment preferred against him at the February term, 1911, of the District Court of said county wherein it was charged that on or about September 1, 1910, and on each succeeding day from that date up to March 18, 1911, in a certain house in said county that he kept, etc., a disorderly house of which he was the owner and lessee and which was controlled by him, in that he did unlawfully sell and keep for sale and was concerned in selling and keeping for sale, and did aid and assist and abet in selling and keeping for sale spirituous and vinous and malt liquors without first having obtained a license under the law to retail such liquors. That case was tried on July 10, 1911, and he plead guilty and upon his said plea was so adjudged and convicted and his penalty properly fixed. This case, as stated above, shows that he was charged with an entirely separate and distinct offense at an entirely separate and distinct time. The State in this case confined its testimony in every respect to the period between July 10, 1911, and March 20, 1912, the date which the indictment herein charges this offense to have been committed. And both in controlling the evidence and in the charge, the court restricted all the evidence in this case within that period.

The testimony of the various witnesses introduced by the State on this trial showed that within the time from about December 1, 1911, to March 1, 1912, appellant made fifteen or twenty separate and distinct sales of whisky to one witness, two to another, six to another, three to another, four to another and four or five to another. It also showed that within this period appellant sent money by various persons and otherwise to a certain saloon in Dallas, Texas, and bought and had sent to him in various ways large quantities of whisky in pint bottles. It seems he never got it in any other container.

This court has uniformly and in many decisions held that section 14, article 1 of our Constitution, which provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction," as laid down by Harris' Texas Constitution, subdivision 78, page 130, that the same offense as used in this section does not mean an offense of the same nature or of similarity but the identical offense. Muckenfuss v. State, 55 Texas Crim. Rep., 216, 116 S. W. Rep., 51; Bailey v. State, 42 Texas Crim. Rep., 289, 59 S. W. Rep., 900; Lowe v. State, 4 Texas Crim. App., 34; Campbell v. State, 2 Texas Crim. App., 187; Alexander v. State, 21 Texas Crim. App., 406, 17 S. W. Rep., 139; Kellett v. State, 51 Texas Crim. Rep., 641, 103 S. W. Rep., 882; Sedgwick v. State, 57 Texas Crim. Rep., 420; Henkel v. State, 27 Texas Crim. App., 510, 11 S. W. Rep., 671; Wright v. State, 37 Texas Crim. Rep., 627, 40 S. W. Rep., 491; Lewis v. State, 24 S. W. Rep., 906; Wheelock v. State, 38 S. W. Rep., 182; Williams v. State, 13 Texas Crim. App., 285; Harrington v. State, 31 Texas Crim. Rep., 577, 21 S. W. Rep., 356; Nichols v. State,

37 Texas Crim. Rep., 616, 40 S. W. Rep., 502. This court has also in many cases and uniformly held, as stated by the same author, sub-division 31, p. 123, that the plea of former conviction to be sustained must allege the proceedings which resulted in such former conviction, matter of record and matters of fact, towit: the former indictment and acquittal or conviction, identity of the person convicted and the offense of which he was convicted. Williams v. State, 13 Texas Crim. App., 285; Hefner v. State, 16 Texas Crim. App., 573; Adams v. State, 16 Texas Crim. App., 169; Kain v. State, 16 Texas Crim. App., 162; Grisham v. State, 19 Texas Crim. App., 504. And also that to sustain his plea of former jeopardy the defendant must prove that the acts which constitute the offense for which he was formerly convicted are the very acts which constitute the offense for which he is on trial. Kain v. State, supra; Lowe v. State, 4 Texas Crim. App, 34; Taylor v. State, 4 Texas Crim. App., 29; Boggess v. State, 43 Texas, 347; King v. State, 43 Texas, 351; Wright v. State, 17 Texas Crim. App., 152, as laid down and cited by Mr. Harris in subdivision 29, page 123.

This court, through Judge Hurt, in Fleming v. State, 28 Texas Crim. App., 234, said: "When the time is carved, as in this case, then, the offense being continuous, whether there be a plea of former conviction or acquittal or not, the proof must be confined to acts done within the time alleged; and if the proof is confined to the time carved, and no part of the time thus carved has been used or utilized by a former conviction, under an indictment covering the whole or a part of the time used in this indictment, the plea of former conviction will not avail." This course was unquestionably pursued in this case as stated above, and the court did not err in any way on this point as claimed by appellant.

Appellant has many bills of exception to the refusal of the court to permit him to ask several State's witnesses certain questions on cross-examination. It is unnecessary to state these various matters. We give one of these bills as a sample of the whole. It shows that one of the State's witnesses, Mansell, had testified that he bought whisky from appellant three separate and distinct times. On cross-examination, after going into the matter and each sale particularly, he testified and what occurred is as follows: "I drank part of that whisky; did not carry any home; I did not sell any of it. There was two or three of the boys in the crowd with me and going home we drank the whisky. I do not remember now just who the boys were with me; one of the Stapps boys in the crowd. He was twenty-one years old. I know he was because I have known him fifteen years. He came to this country after I did. Q. Did he come from the same place you did? The State objected to the examination as being immaterial. The court sustained the objection. Mr. Fears: May it please the court, we are on cross-examination and I have an object in view and I would like to have the court to permit me to ask the question. The court: The court has ruled on it. Mr. Fears: We except, your honor; I will ask

the stenographer to take my exception; he has only been in this country nine years and he says this man came here after he did, and he says he has known him fifteen years. The court: You can go on and interrogate the witness any way you want to, but the court has ruled on that question. Witness: I do not remember just who the other boys were. I could not tell you how old they were; they are over twenty-one. I had known them not very long; do not remember just who they were, but I know they have been after me about giving whisky to minors. I never gave a minor a drop of whisky in my life." By the bill he claims that the witness, if he had been permitted to testify, would have answered that the Stapps boy did not come from the same place he did and he did not know him until he met him in Ellis County, near Ennis, where he was living. No error is shown by the ruling of the court in this matter, and neither of the other matters complained of by appellant's said several bills.

By several bills he complains of the action of the court in setting his case for trial and trying it at the time he did, complaining that the court at first set the case at the heel of some seventeen other cases, and when the time arrived various dispositions were made of the other cases, and he was thereupon rushed into trial without having proper time and opportunity to prepare his case for trial. He made no motion whatever for a continuance. The indictment was returned and filed March 21, 1912. He was at once arrested at his home, Ennis, fifteen miles from Waxahachie and taken by the officer to Waxahachie the same day and placed in jail. The next day he made bond and returned to his home. It is claimed that he was unwell during part of this time. There are other matters stated in the bill. The court, in allowing it, explained and qualified it as follows: "By examination of statement of facts, pages 48 to 50, as referred to in this bill, the court will see the entire course of action in this matter, and as to that portion of the bill from near top of page 3 to conclusion of the bill, I desire to qualify and explain it as follows, especially as to that part of the bill in which counsel seeks to leave the impression that this case was forced to trial with undue haste and that there was ample time to try it if the case had been set over. Mr. Fears had appealed to the court at the time this case was set to reset it for a different date than for Monday, April 1, 1912, and was informed at the time that the purpose in trying to get as many of the ordinary felony cases to trial during the first week as possible was on account of the great number of special venire cases which had been set for trial for later weeks during the term, and it was only for that reason that so many cases were crowded into the setting for Monday, April 1, 1912, of the first week of the criminal docket. It is possibly true as stated in the bill that during the first six weeks of the criminal docket there were thirteen days besides Sundays when there was no case on trial and the court was idle, but counsel leaving the bill in that shape leaves a wrong impression; that is to say, that it was an arbitrary act of the court in not setting this case over

for some later day, when Mr. Fears knows that the reason for these idle days referred to in the bill was on account of the necessity of continuing some murder cases which had been set for trial at subsequent days of the term, the disposition of which cases by continuance neither Mr. Fears nor the court could anticipate at the time this case was set down for trial. The bill of exception is approved with this explanation and qualification and with the further statement that the court was seeking to dispatch the business of a heavy docket in the best manner possible, as it appeared to the court, and that there was no disposition on the part of the court to press this case to trial out of its regular order nor in any other way to discommode counsel or defendant, but this case was on the docket and it was set for trial at the most feasible time that in the judgment of the court it could be disposed of." The other bill on the same subject, claiming that the appellant's attorney did not have time to consult with him, etc., the court qualified, in approving it, as follows: "There was ample time for consultation if advantage had been taken of it. Court did not convene until 9 o'clock in the morning, adjourning an hour and thirty minutes at noon, and at 6 o'clock in the afternoon. Approved with the foregoing explanation."

The trial of the case, it seems, was begun April 4th, and was not concluded until some time on April 6, 1912. We have carefully considered these bills on this subject. The appellant, having accepted them as qualified by the court, is bound thereby, as uniformly held by this court. When, and the circumstances under which, trials of cases in the lower court are had, must of necessity be left largely to the discretion of the lower court. In this case we think these bills and neither of them, show that the court abused his discretion and they present no error.

Appellant also complains that the court did not permit him sufficient time to consult his client before putting him on the witness stand, and in fining his attorney in connection therewith. In addition to what is shown above in the qualification and explanation by the court of appellant's bills on the kindred subjects, the court qualified and explained this bill as follows: "In qualifying and explaining the foregoing bill of exception, I regret that counsel representing defendant has deemed it necessary in his bills of exceptions to make an attack on the conduct of the trial which leaves an impression of unfairness on my part. I desire to say in connection with this bill that if the Court of Criminal Appeals will examine the entire record in this case, together with *all* the bills of exceptions presented, it will see that counsel for defendant in this case began from its inception a course of delay, or attempted to do so even to the setting of the case in the first instance, which was consistently followed up during the entire trial of the case and taxed the patience of the court almost to the breaking point. Why this was done counsel knows better than the court; but at any rate the conduct of counsel was not such as this trial court can commend in any instance.

At the time counsel proposed to put defendant on the witness stand and asked for time for consultation, the court advised counsel at the time that he did not propose to further delay the trial of the case and that there had been ample 'time for consultation if it had been taken advantage of; the defendant in this case lived at Ennis, fifteen miles from Waxahachie, and one night during the beginning of the trial of this case, in the early part of the trial defendant left Waxahachie and went to his home at Ennis, fifteen miles distant, not returning until the next morning. It may be possible that this was the night that the court held a night session for the purpose of hearing on defendant's plea of former jeopardy, but if this was so the night's session for that night was only for about an hour and there was ample time that night for consultation if the defendant had remained in Waxahachie and had taken advantage of the opportunity; after counsel asked permission of the court to consult with defendant, which was denied at that time, Mr. Fears turned to the defendant and commenced to talk to him; after a few minutes the court spoke to Mr. Fears and told him to proceed with the case. He made no reply to the court; paid no attention whatever to the request of the court for him to proceed; after waiting a few minutes longer the court asked him to proceed with the case; he again paid no attention to the court, made no reply. After waiting a few minutes longer the court quietly told the clerk to enter a fine of five dollars against Mr. Fears, which the court thought under the circumstances was amply warranted. With the foregoing explanation and qualification this bill of exception is approved." This bill shows no reversible error.

Appellant complains that the court limited the argument of the case to one hour to the side. The court stated, in approving the bill, that the docket was crowded, the court pressed for time, and the time allowed for argument was sufficient in his judgment. This court has uniformly held that such matters must be left to the discretion of the lower court and, unless that discretion has been abused to such an extent as to show material injury to the appellant, no reversible error is shown. The bills on this subject do not show that the court abused his discretion to the injury of appellant.

The State introduced several witnesses who testified to many purchases of whisky from appellant during the months of December, 1911, and January and February, 1912. The appellant made no objections to this testimony when introduced. After all of the evidence had been introduced, however, he made a motion to exclude the testimony of some of these witnesses, because the particular time of said purchases by them, was not alleged in the indictment. Many specific sales to persons named and the time thereof were alleged in the indictment, and proven, making a great many more than two specific sales within such time. This court has uniformly and in many decisions held that even where such sales are not specifically alleged they can be proven for the purpose of tending to establish that the appellant pursued the business

or occupation of selling intoxicating liquors. It is unnecessary to cite all the cases, but see Clay v. State, 55 Texas Crim. Rep., 402, 144 S. W. Rep., 280; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583; Wilson v. State, 154 S. W. Rep., 574.

By another bill appellant complains of this statement made by the county attorney in his argument to the jury: "S. N. Creech has walked up and down the streets of Ennis for seven years looking for men to sell whisky to, and violating the laws." The court not only sustained appellant's objection to this but gave his charge to the jury that they were not to consider such statement for any purpose, because there was no evidence to that effect. Notwithstanding that, appellant claims the statement was of such character as requires a reversal by this court. This court in Tweedle v. State, 29 Texas Crim App., 586, in discussing improper remarks of the prosecuting attorney, said: "To reverse in all cases where counsel fail to confine themselves to the record would render trials farces. There is hardly a case of any importance tried but that during the progress of the trial some unguarded expression is used by counsel upon either side. It would be a remarkable coincidence if this were not true. House v. State, 19 Texas Crim. App., 227; Bass v. State, 16 Texas Crim. App., 62." Coyle v. State, 31 Texas Crim. Rep., 604; Green v. State, 32 Texas Crim. Rep., 298; Pierson v. State, 18 Texas Crim. App., 524.

The court charged: 4. "You are further instructed that the terms 'occupation' and 'business' as used in this statute do not mean that the selling of intoxicating liquors must be the principal business or occupation of the party, nor that he should give his whole, or a greater part, of his time to it, but if one follows the business or occupation of selling intoxicating liquors whenever an opportunity presents itself, under the meaning of the statute, it would be his business or occupation." This charge is in conformity with the many decisions by this court. Fitch v. State, 58 Texas Crim. Rep., 366; Clark v. State, 61 Texas Crim. Rep., 597. See also Dickson v. State, 66 Texas Crim. Rep., 270, 146 S. W. Rep., 914; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583; Hernandez v. State, 64 Texas Crim. Rep., 73, 141 S. W. Rep., 268; Atkinson v. State, 67 Texas Crim. Rep., 364, 149 S. W. Rep., 114.

The court correctly refused appellant's requested charge, which was: "Gentlemen of the jury, you are further instructed that by the terms 'occupation' and 'business' as used herein is meant vocation, calling, trade; the business which one principally engages in to procure a living or obtain wealth."

On the subject of the testimony of an accomplice the court charged as follows: 7. "A conviction can not be had upon the testimony of an accomplice, or any number of accomplices, unless the jury first believes that the testimony of the accomplice or accomplices, is true, and that it connects the defendant with the offense charged, and even then you can not convict the defendant upon said testimony unless you

further believe that there is other testimony in the case corroborative of the accomplices' testimony, tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission, and then from all the evidence you must believe beyond a reasonable doubt, that the defendant is guilty of the offense charged against him; and you are further instructed that one accomplice can not be corroborated by another.

"An accomplice as the word is here used, means anyone connected with the crime charged, either as principal offender, as an accomplice, as an accessory, or otherwise. It includes all persons who are connected with the crime of unlawful act or omission on their part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the commission of the crime; but in this connection you are instructed that one who merely purchases intoxicating liquor from one unlawfully selling it, and connected with it in no other way than as a purchaser, is not an accomplice.

8. "Now, if you believe from the evidence that Spence Crenshaw, Crawford House, J. Netta Wade, Tharp Beauchamp, and Gus Brooks, or either of them, are accomplices, as heretofore defined, then you are instructed that you can not convict the defendant on their testimony, unless you first believe that their testimony is true, and that it connects the defendant with the offense charged against him, and even then you can not convict the defendant upon their said testimony unless you further believe there is other testimony in the case corroborative of the accomplice's testimony tending to connect the defendant with the offense charged; and then from all the evidence you must believe, beyond a reasonable doubt, that the defendant is guilty of the offense charged against him, and if you find that said parties named, or either of them, are accomplices, then you are instructed that neither can corroborate the other, but the corroborative testimony must come from witnesses who are not accomplices."

These charges are complete, correct and admirable charges on the subject. They are in conformity with our statutes and with all the decisions on the subject. Appellant complains of them, because, he says, they fail to apply the law to the evidence in the case. He also claims that the court should have charged the jury that said witnesses were accomplices, instead of submitting that question to the jury. Also he complains of the last sentence in charge 7, above quoted, wherein the court instructs the jury "that one who merely purchases intoxicating liquor from one unlawfully selling it, and connected with it in no other way than as a purchaser, is not an accomplice." Judge White, in section 998 of his Criminal Procedure, discussing a proper charge with regard to accomplices' testimony, said: "It is ordinarily sufficient if the charge of the court submit the law upon that subject in the language of the statute. And where this has been done, and the defendant fails to ask more explicit instructions, he can not complain. Elizando v.

State, 31 Texas Crim. Rep., 237; Hoyle v. State, 4 Texas Crim. App., 239; Simms v. State, 8 Texas Crim. App., 230; Avery v. State, 10 Texas Crim. App., 199." Ordinarily where there is no doubt and the proof is certain that any witness is an accomplice, the court should so tell the jury. But even where that is the case, as said by Judge White in section 1000 in his Criminal Procedure, "Where a charge on accomplice testimony announces the rule with regard to such testimony, as provided in approved forms which are well established, it is sufficient, though the jury are not told in so many words, that any particular witness who has testified in the case is an accomplice. McGrew v. State, 31 Texas Crim. Rep., 336; Lockhart v. State, 29 Texas Crim. App., 35; Hankins v. State, 47 S. W. Rep., 992; Martin v. State, 38 Texas Crim. Rep., 462." So Mr. Branch in his Criminal Law, section 320, page 183, says: "It is not error to leave it to the jury to say whether a witness is an accomplice, though such fact be apparent. Dill v. State, 28 S. W. Rep., 950; Carroll v. State, 62 S. W. Rep., 1061; Ransom v. State, 49 S. W. Rep., 582; Zollicoffer v. State, 16 Texas Crim. App., 312; Hankins v. State, 47 S. W. Rep., 992." It is a well established rule that when the court has charged the law applicable to the case in distinct and comprehensive terms, this court will not reverse, because it might have been fuller and more pertinent, when appellant requests no such special charge. As said by this court on this subject in Dozier v. State. 62 Texas Crim. Rep., 258: "Appellant requested no special instruction, and if this charge was not as full on this question as he desired, it was his duty to request additional instructions. In Sheckles v. State, 9 Texas Crim. App., 326, it is held: 'When the judge has charged the law applicable to the case in distinct and comprehensive terms, this court will not reverse the case simply because the charge might have been fuller and more pertinent, especially when the defects in those particulars (if any) have not attempted to be corrected by the defendant through additional instructions.' See also Browning v. State, 1 Texas Crim. App., 96; McMahon v. State, 1 Texas Crim. App., 102; Foster v. State, 1 Texas Crim. App., 363; Moore v. State, 15 Texas Crim. App., 1; O'Connell v. State, 18 Texas, 343; Greenwood v. State, 35 Texas, 587; Powell v. State, 44 Texas, 63; Texas & Pac. Ry. Co. v. Gay, 86 Texas, 571." Appellant requested no special charge whatever on the subject. It is also well established that where the evidence does not clearly establish that a witness is an accomplice that the court should not charge that he is an accomplice, but should submit that question to the jury for their finding. In this case, the evidence, at most, only tended to show that these witnesses or some of them were accomplices. It by no means clearly established that they were, in such a way as that the court could have taken the question from the jury and charged that they or either of them were. This rule is laid down by Judge White in his Criminal Procedure, in section 1000, citing many cases. It is unnecessary for us to collate the cases on this question, it is too well established to be necessary to do so. It is also well established by the

uniform decisions of this court that a mere purchaser of intoxicating liquor from one selling it, and connected with it in no other way than as purchaser, is not an accomplice, as charged by the paragraph of the court's charge above quoted. Walker v. State, 44 Texas Crim. Rep., 546, 72 S. W. Rep., 401; Marmer v. State, 47 Texas Crim. Rep., 424;, Fox v. State, 53 Texas Crim. Rep., 150; Trinkle v. State, 59 Texas Crim. Rep., 257, 127 S. W. Rep., 1060; Terry v. State, 46 Texas Crim. Rep., 75; Dane v. State, 36 Texas Crim. Rep., 84; Ray v. State, 60 Texas Crim. Rep., 138, 131 S. W. Rep., 542; Trinkle v. State, 60 Texas Crim. Rep., 187, 131 S. W. Rep., 583.

There being no reversible error pointed out in this case, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied June 4, 1913.—Reporter.]