## BUD GRAY v. THE STATE.

No. 4508.   Decided June 27, 1917.

Rehearing denied October 24, 1917.

**1.—Occupation—Selling Intoxicating Liquors—Evidence—Date of Offense.**

Where, upon trial of following the occupation of selling intoxicating liquors in prohibition territory, the State's witnesses fixed the date of the different sales within three years next preceding the filing of the indictment, there was no error in permitting the district attorney in asking the witness how many times he had bought whisky from defendant, and to approximate how many times, etc. Following Cole v. State, 72 Texas Crim. Rep., 282.

**2.—Same—Evidence—Impeaching Witness.**

Where, upon trial of following the occupation of selling intoxicating liquors in prohibition territory, defendant on cross-examination of the State's witness, asked him if he had not been drunk in the negro town trying to buy whisky, etc., which the witness denied, this was conclusive against the defendant, as the matter was collateral to the issue and his answer can not be subsequently contradicted by the party putting the question, or contradicted by other evidence.

**3.—Same—Evidence—Witness—Moral Turpitude.**

Upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, where the defendant introduced several witnesses who disputed one of the State's witnesses on some collateral matters, there was no error in permitting the State on cross-examination to prove by each one of the witnesses, in substance, that he himself had been indicted in the District Court, and had pending therein an indictment for bootlegging and, in one instance that he had been convicted.

**4.—Same—Rule Stated—Impeachment of Witness.**

A witness can unquestionably be asked and made to answer, for the purpose of impeaching him, if he has not then pending against him an indictment charging him with a felony or has been convicted of a felony; the question of remoteness in no way appearing.

**5.—Same—Evidence—Credibility of Witness.**

Where the defendant attacked one of the main State's witnesses who made one of the purchases of liquor from defendant, to show that his testimony was false and attempted to impeach him by asking him why he had not produced said liquor, there was no error in permitting the State to introduce a witness to show that the State's witness delivered said whisky as he had testified.

**6.—Same—Accomplice Testimony—Charge of Court.**

Where the testimony in no way shows or tended to show that the leading State's witness, who purchased intoxicating liquors from the defendant, was an accomplice, there was no error in the court's refusal to submit a charge on accomplice testimony. Following Ray v. State, 60 Texas Crim. Rep., 138, and other cases.

**7.—Same—Charge of Court—Bill of Exception.**

Where the court gave a full, clear and apt charge submitting properly all the questions raised in a form approved by precedent, there is no reversible error.

**8.—Same—Argument of Counsel—Bill of Exceptions.**

Where upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, State's counsel's argument confined itself to the record, there was no reversible error.

**9.—Same—Limiting Argument—Practice in District Court—Discretion of Court.**

Where the bill of exceptions complained that the court limited the argument of counsel to twenty minutes to each side, but the record showed that the defendant's counsel was given twenty-five minutes to argue the case; that the testimony was brief upon the disputed issues, and that the time allotted for argument was not unreasonable, there was no reversible error.

**10.—Same—Rule Stated—Limiting Argument.**

The statute vests in the trial judge discretion with reference to the argument of counsel in criminal cases, and unless the discretion is shown to have been abused, the judgment will not be reversed. Following Bailey v. State, 37 Texas Crim. Rep., 579, and other cases.

**11.—Same—Misconduct of Jury—Statement of Facts.**

Where the statement of facts, on motion for new trial on account of the misconduct of the jury, as well as the defendant's bill of exceptions, were filed long after the adjournment of the term of court during which defendant was convicted, the same can not be considered on appeal.

**12.—Same—Charge of Court—Number of Sales of Liquor.**

Where, upon trial of pursuing the occupation, etc., the separate sales of the intoxicating liquors where alleged to have been made to two different persons, and the evidence showed that two separate and distinct sales were made to each of these persons, and did not tend to show that any other sales were made to any other person, although the indictment alleged that other sales were made to other unknown persons also, and the court's charge required the jury to find in case they found defendant guilty, that he made as many as two separate sales within three years before the indictment was found in the county of the prosecution, there was no reversible error. Distinguishing Fisher v. State and Robinson v. State, recently decided.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of following the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ben L. Cox,* for appellant.—On question of court's charge: Robinson v. State, recently decided; Fisher v. State, recently decided; Rhodes v.

State, 75 Texas Crim. Rep., 659, 172 S. W. Rep., 252; Holloway v. State, 53 Texas Crim. Rep., 246, 110 S. W. Rep., 745; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Floyd v. State, 66 Texas Crim. Rep., 407, 147 S. W. Rep., 264; Miller v. State 72 Texas Crim. Rep., 151, 161 S. W. Rep., 128; Fitch v. State, 58 Texas Crim. Rep., 266, 127 S. W. Rep., 1040.

On question of impeaching witness: Walker v. State, 44 Texas Crim. Rep., 543, 72 S. W. Rep., 401.

On question of limiting argument of counsel to twenty-five minutes: Zimmer v. State, 64 Texas Crim. Rep., 114, 141 S. W. Rep., 781; Walker v. State, 32 Texas Crim. Rep., 175, 22 S. W. Rep., 685.

*E. B. Hendricks,* Assistant Attorney General for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of unlawfully engaging in the occupation or business of selling intoxicating liquors in Taylor County where prohibition was in force, and assessed the lowest punishment.

The indictment alleges he pursued the said business and occupation on or about January 13, 1917, and on or about that date made two specific sales, one to W. M. Curry and the other to J. W. Tucker.

It was agreed by both the State and the defendant that prohibition was in full force and effect in Taylor County; that the election was held on June 7, 1902, and that all orders pertaining thereto, as alleged in the indictment, were true.

The State proved by Mr. Kirk, who was the agent of the express company at Abilene, that his company always took affidavits when delivering whisky of the parties to whom delivered, and he testified, and his book showed, and so did the affidavits of the appellant, that there were delivered to appellant by said express company two shipments of four quarts each on October 7, 1916; two deliveries of four quarts each on October 21, six quarts on November 16, four quarts on November 25, four quarts on December 2, one keg of beer on December 20, four quarts of whisky on December 25, and four quarts on January 13, 1917. Appellant admitted the receipt by him of the liquor above shown.

Appellant lived near the cemetery some distance beyond the negro quarter in Abilene. J. W. Tucker testified, in substance, that on the morning of January 13 he saw appellant carrying home an express shipment of whisky; that he caught up with him and wanted to buy from him a pint. Appellant admitted that he had that morning received a four-quart shipment of whisky by express, and as he was taking it home Tucker caught up with him and wanted some of it. He differed from Tucker somewhat in the details of where and how Tucker caught up with him. Tucker swore that he told him if he would go home with him he would sell him a pint of whisky; that he did go home with him. Appellant so admitted. Tucker swore that after he got to his home he bought a pint of whisky and paid him $1.25 therefor; that

the appellant, after they got to his house, went out somewhere and got a bottle, went into another room and washed it, and came in the room where the whisky and Tucker were, took one of his quart bottles and poured his pint bottle full. Appellant claimed that Tucker wanted a drink, and that he gave him two drinks of the liquor, and that while he went out to get some coal to replenish the fire, the inference is by his testimony, that Tucker then took a pint bottle of the whisky out of the quart bottle. Tucker swore positively that appellant sold him the pint of whisky at the time, for which he paid him $1.25. Appellant swore he did not sell him any whisky at all at the time, but gave him the two or more drinks at the time.

Curry swore that he had bought whisky from appellant. "I could not tell you the first time I bought whisky from him. I did not expect to get into anything like this, and to have to testify, and I never noticed." He then testified that he first bought whisky from him in the latter part of 1915. "I bought from him during the fall of 1915 and during 1916." He further swore that appellant "always kept two kinds of whisky. He had one kind and he told me it was very good, and then he had one kind that was just pretty good." He then told about buying it from appellant in quantities of a pint, and then in quantities of a quart, and how much he paid for it. "The last time I bought from him was in the fall of 1916. Bud (appellant) had the whisky shipped to his—he had a shed at his place, and that is where I got it. I paid him the money for it." He then stated he did not buy any whisky from him in the summer of 1916; that he was up in Jones County farming at that time, and stayed up there until he was done picking cotton, and that he went back to Abilene about September 15, "and I believe it was later than that when I came back to Abilene again. He did not always have a certain place where he sold me the whisky. He delivered most of the whisky that I got from him at his barn, at his own place. His place is out towards the graveyard. It is clear the other side of the colored part of town. He is away out towards the cemetery there."

Appellant testified and swore that he never sold whisky to either Curry or Tucker at any time or place. He admitted that he received the shipments of whisky from the express company as detailed by the express agent. He said: "I heard these records read here, which shows that a great deal of whisky was delivered to me." He claimed that he and his wife, and his mother, an old woman about eighty-four years of age, drank a great deal of this liquor, and that he gave some of it to his friends. Appellant introduced two or three witnesses who testified to his good reputation, and he introduced some witnesses who attempted to impeach the State's witness Tucker.

The court did not err in permitting the district attorney to ask the witness Curry how many times he had bought whisky from appellant, nor in permitting him to answer that he did not know and could not proximate how many times; nor in permitting the district attorney to then ask the witness to state about how many times he had bought

whisky from appellant, and then to testify thereto in substance as given above. The fact that the witness could not fix any specific date other than as shown was a matter of comment and criticism by appellant before the jury. The dates he did fix, as in the fall of 1915, and as at the time stated in 1916, would be within such a reasonable time as would be clearly admissible for the purpose of showing appellant engaged in the business and also to show a specific sale to the witness as alleged. Cole v. State, 72 Texas Crim. Rep., 283. The statute itself prescribes that the State shall prove that the defendant made at least two sales within three years next preceding the filing of the indictment. (Art. 591, P. C.)

While the witness Tucker was on the stand, on cross-examination, appellant, among other things, asked him, in substance, if he had not been drunk down in negro town; and if he had not been going down in negro town buying whisky from negroes and drinking with them; and that about January the first if he was not down in negro town drunk, and walked up to a bunch of negroes and wanted to buy whisky from them, and if he did not tell them he was the law, but was a white man and had a white heart, and if he had not been around Avant's restaurant drunk. The witness denied each of these matters. Not a single one of them was in any way connected with the appellant, nor at or about the time, nor in any way any connection with the purchases of whisky from appellant by Tucker as testified to by him. All these questions to him were for the purpose of introducing various witnesses, which he did, who disputed the witness as to these several matters.

It is very questionable whether appellant could be permitted to ask the witness such questions under the circumstances, but when he did so his answers were conclusive against appellant. This principle laid down by Mr. Branch, where he cites a large number of the decisions of this court exactly in point, is the law and applicable to this question, towit: "When a witness is cross-examined on a matter collateral to the issue his answer can not be subsequently contradicted by the party putting the question." 1 Branch's Ann. P. C., p. 98; also sec. 178, p. 108. Again he says, citing many decisions in point: "It is not proper to allow a witness to be cross-examined as to any matter which is collateral and immaterial to the issue merely for the purpose of contradicting him by other evidence." These principles are so well established, and the authorities so uniform, that it is unnecessary to cite or quote the cases.

Appellant has a number of bills wherein it is shown that when he put on several witnesses who disputed the State's witness Tucker on the said several collateral matters, the State was then permitted, over his objections, in crossing them, to prove by each one, in substance, that he himself had been indicted in said District Court, and had pending therein an indictment against him for bootlegging; in one instance that he had been convicted in said court on said charge. The appellant's objections to this proof on cross-examination of his

witness by the State were to the effect, because that was not the proper way to impeach the witness, that is, that you could not impeach him by merely showing that he had been indicted for such an offense; ·or in the instance where he had been convicted that he had appealed, ·and his conviction was not final on that account. There is no such ·technical offense as bootlegging, but the questions asked and the answers ·given would clearly show that the indictment against these several wit- ·nesses, and in one instance the conviction, was for a felony in the ·District Court where this trial was being had. All the authorities are ·against appellant on this point. A witness can unquestionably be asked ·and made to answer, for the purpose of impeaching him, if he has not then pending against him an indictment charging him with a felony, or has been ·convicted of a felony—the question of remoteness in no way appearing. This is so well established the cases need not be cited, ·but see 1 Branch's Ann. P. C., sec. 167, p. 101, where a large number ·of cases are collated. So that, even if appellant was not concluded ·by the witness Tucker's answer denying the several collateral matters, ·he was asked about, and the testimony by appellant attempting to im- ·peach this witness was admissible, clearly each of his witnesses was ·properly asked and made to answer to the effect that they then had indictments pending against them in that court, and in one instance ·a conviction, on said felony charge. In no event does any of appel- ·lant's bills on this subject show error.

On cross-examination by appellant of the witness Tucker appellant ·asked him why he had not produced said pint of whisky he testified he bought from appellant. He answered that he had turned it over to Whaley. As stated, the appellant attacked said Tucker's testimony ·as false, and in many ways attempted to impeach him. It was, there- ·fore, admissible for the State to have Mr. Whaley testify that Tucker ·did deliver to him the said pint of whisky on the day and just after he claimed to have bought it from appellant.

The testimony in no way showed or tended to show that Tucker was an accomplice. Art. 602, P. C.; Walker v. State, 44 Texas Crim. Rep., 543, 72 S. W. Rep., 401; Marmer v. State, 47 Texas Crim. Rep., 425; Fox v. State, 53 Texas Crim. Rep., 150; Dane v. State, 36 Texas Crim. Rep., 84; Ray v. State, 60 Texas Crim. Rep., 138; Fisher v. State, 197 S. W. Rep., 198, from Taylor County, recently decided in an opinion by Judge Morrow, but not yet reported. So that the court did not ·err in refusing to submit whether or not said Tucker was an accom- ·plice and had to be corroborated.

The court gave a full, clear and apt charge in this cause, submitting ·properly all the questions raised, and just such a charge as has many times in all of its features been approved by this court. It is unneces- sary to take up and discuss appellant's several objections thereto, all embraced in one bill.

By appellant's twelfth bill he complains of a brief argument of the ·district attorney. The greater part of what he claims the district

attorney said was clearly in answer to appellant's argument and criticism of· the witness Curry. The concluding part of it is to the effect that Curry was not a voluntary witness, but the officers had heard that he had been buying whisky from appellant and summoned him with process out of the court, and that was how he came here and testified in the case. The court qualified the ·bill by stating that the said. witness did testify that he had been summoned as a witness. Appellant was assessed the lowest punishment. This bill presents no reversible error.

Appellant has another bill complaining of the court limiting the argument to twenty minutes to the side. The bill shows, in substance, that the court allowed appellant's attorney twenty-five minutes time to argue the case. The court explains this bill by stating: "that it required less than two hours to try the case, and the counsel for defendant was allowed twenty minutes at first and was given five minutes additional, and in the opinion of the court twenty-five minutes was ample time to thoroughly discuss every phase of the case." As thus qualified this bill shows no reversible error. The uniform holding of this court is, that the time allowed for argument of a case is left to the sound discretion of the trial court. This must necessarily be the case. It occurs to us that twenty-five minutes was not an unreasonable time to limit the argument of appellant in this case. The testimony was by but few witnesses, and it was comparatively very short. As to the main facts, only two were in dispute. Appellant admitted that prohibition was in force at the time he was charged with this offense; that he received the very large shipments of liquor to him proven by the State. The only dispute was whether he made the one sale to Tucker, and one other sale to Curry. Even if the impeaching testimony of Tucker was admissible, it was brief and only as to a few matters. Tucker swore that the points on which they attempted to impeach him were untrue and appellant's impeaching witnesses said it was true.

This court, through Judge Davidson, in Bailey v. State, 37 Texas Crim. Rep., 579, held: "The statute vests in the judge presiding discretion with reference to the argument of a case; and, unless this discretion is shown to have been abused, the judgment will not be reversed. . . . In Scott v. State, 36 S. W. Rep., 276, this court said: 'We have heretofore stated that it was within the province of the judge trying the case to limit the argument within reasonable bounds, and that this court will not revise a case where the limitation had been made, unless there should appear to be that clear abuse of discretion calculated to injure or impair the rights of the appellant. See Huntly v. State, 34 S. W. Rep., 923, and authorities there cited. . . . ' " Under the circumstances of this case, and the discretion which must be allowed to the trial judge, no reversible error is shown in this matter.

In his motion for a new trial appellant claimed, in substance, that

one of the jurors became so ill as to prevent him from properly considering the case, and that he and another in sympathy with him agreed to and found the verdict of guilty as they did because of that juror's ill condition. In passing on the motion the court heard testimony on that issue, and after hearing it held against appellant. His bill No. 14 on this point as well as the judgment of the court shows that the court heard oral testimony on this subject, and after hearing it overruled his motion for a new trial. The bill does not state what this testimony was. There is appended to the statement of facts what purports to be a statement of this testimony, but both it and the said bill of appellant's were filed long after the adjournment of the court. The uniform holding of this court precludes the consideration of this matter, as the bill and purported statement of facts were both filed long after adjournment. See 1 Branch's Ann. P. C., where he collates some of the cases.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### October 24. 1917.

PRENDERGAST, Judge.—This case, and the Robinson case, 186 S. W. Rep., 196, and the Fisher case, 197 S. W. Rep., 189, were all tried in the lower court at the same term and were appealed and filed here about the same time. All three of them were submitted and orally argued by their respective attorneys on the same day in this court and they were all under consultation and consideration by the court at the same time, though the opinions were handed down on different dates.

Appellant contends that as the Robinson and Fisher cases were reversed because of the charge of the court, and as the charge on that point was substantially the same in this case, that this case should also be reversed. The Robinson and Fisher cases were not reversed because of the charge within itself being wrong, but because it was misleading as applicable to the facts therein proven. As shown by the opinion in the Robinson case, the indictment therein charged that one sale was made to Alexander and another to Tucker. There was evidence tending to prove that appellant had made one sale to each of these parties named, but no evidence of more than one sale to either and no evidence of any sale to any other party named or described in the indictment. With reference to the sale to Alexander, there was an issue of fact as to whether there was a sale made to him by appellant or whether appellant was acting only as the agent of Alexander in procuring liquor for him. The charge of the court in the Robinson case on the point was quoted in the opinion therein. In it the court submitted the question of whether or not Robinson acted as the agent of Alexander in buying the whisky and the charge was held to be misleading, in that, even though no sale was proved to Alexander by appellant he might nevertheless be guilty if the other sale alleged was proven, and some

other sale was made to an unknown party other than to Alexander. The Robinson case was reversed because the·charge authorized his conviction if only one of the alleged sales was proven, and the jury could infer from the facts that another sale to an unknown and unnamed party was made.

In the Fisher case only two sales to Alexander on different dates were alleged. No other specific sale was alleged to any other person named. The charge of the court in that case, on this point, is quoted in the opinion. There was evidence in that case tending to show that two sales were made to Alexander as alleged, but there was also proof that another distinct and separate sale was made to one Walker. Walker was not named in the indictment as one of the persons to whom appellant made a sale. It was held that the charge was misleading in that it did not require the conviction to be based upon the two sales to Alexander alone but that it authorized a conviction if one sale was made to Alexander and another sale made to Walker. Because of this state of fact and the charge authorizing the conviction in that case if one sale was made to Alexander and another to Walker, and the refusal of a special charge clearly submitting the point, the charge was held misleading and the case reversed.

No such state of fact was proven in this case as that which was proven in either the Robinson or the Fisher cases on this point. In this·case sales were alleged to have been made, one to Tucker and another to Curry. The evidence was clearly sufficient to show that separate and distinct sales were made to each of these persons, Tucker and Curry, and there was no other evidence showing, or tending to show that any other sale was made to any other person. It is true the indictment herein, as in the Fisher and Robinson cases, and as is customary in such indictments, alleged that other sales were made to other persons to the grand jurors unknown, but, as stated, no proof whatever was offered of any other sale to any other person than to the persons alleged in the indictment. In submitting this issue to the jury for a finding the court required the jury to believe beyond a reasonable doubt that appellant engaged in the business or occupation of the sale of intoxicating liquors in Taylor County, Texas, where prohibition was in force, and he within three years before the indictment was found, "did make as many as two separate sales of intoxicating liquors in Taylor County, Texas, if he did so, *as charged in the indictment.*" The distinction, therefore, between this and the Fisher and Robinson cases is marked and is clear and distinct. The charge objected to in the Fisher and Robinson cases was misleading and held error therein because of the state of facts proven in each case, but the charge in this case was not, and could not have been misleading and was in accordance with the law, the allegations and the proof herein.

No other questions need be discussed as they were all properly decided in the original opinion.

The motion is overruled.                    *Overruled.*