No error is shown in the trial of the case, and the judgment is affirmed.

---

COGDELL v. STATE. (No. 4364.)

(Court of Criminal Appeals of Texas. Feb. 21, 1917. On Motion for Rehearing, March 21, 1917.)

1. FOOD ⚖══20(5) — INDICTMENT — VARIANCE BETWEEN ALLEGATION AND PROOF.

That the information alleged defendant was agent of a corporation, and the proofs showed that company was a partnership, does not present reversible error in a prosecution under Pen. Code 1911, art. 735, prescribing a penalty for selling misbranded feeding stuff.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 21.]

On Motion for Rehearing.

2. CRIMINAL LAW ⚖══13—STATUTES—VALIDITY—UNCERTAINTY—"SUBSTANTIALLY."

In view of Pen. Code 1911, art. 6, declaring that whenever a provision of the penal law is so indefinitely framed that it cannot be understood, it shall be disregarded, article 735, providing a penalty for selling feeding stuff without a label stating that said feeding stuff contains "substantially" a larger percentage of protein or a smaller quantity of crude fiber than is contained therein, is too indefinite and uncertain to describe an offense; the word "substantially" applying to "a smaller quantity of crude fiber," as well as "a larger percentage of protein."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 13, 14.

For other definitions, see Words and Phrases, First and Second Series, Substantially.]

Appeal from Haskell County Court; A. J. Smith, Judge.

Earl Cogdell was convicted for violating the feeding stuff law, and he appeals. Reversed.

Scott W. Key, of Haskell, and Chas. L. Black, of Austin, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted for violating the "feeding stuff" law, and fined $250. The offenses are prescribed by article 735 of our Penal Code, which, as applicable herein, is:

"Any manufacturer, importer or agent, selling, offering or exposing for sale, any concentrated commercial feeding stuff, * * * with a label, stating that said feeding stuff contains substantially a larger percentage of protein, fat or nitrogen-free extract, or a smaller quantity of crude fiber than is contained therein, * * * shall * * * be fined not less than one hundred dollars nor more than five hundred dollars."

The information and complaint aver:

That appellant was "the agent and manager of Western Cotton Oil & Gin Company, an incorporated company engaged in said state in the manufacture and sale of concentrated commercial feeding stuff, to wit, cotton seed meal and hulls, of said county and state, and the said Earl Cogdell did then and there in said Haskell county, Tex., as such agent and manager, sell to A. F. Moffitt, a person doing business under the name of A. F. Moffitt & Co. in Cleburne, Johnson county, Tex., 200 sacks of cotton seed meal and hulls, each bag containing said meal and hulls had a label thereon stating that said feeding stuff contained substantially a larger percentage of protein than was actually then and there contained therein, to wit, the said label contained the statement that said feeding stuff contained not less than 42 per cent. of protein, whereas in truth and in fact not more than 35.50 per cent. of protein was actually then and there in said feeding stuff, and said label thereon further stated that there was a smaller quantity of crude fiber than was then and there actually contained therein, to wit, the said label stated that said feeding stuff in said bags contained not more than 12 per cent. of crude fiber, whereas in truth and in fact said feeding stuff in said bags contained more than 14 per cent. of crude fiber and some of said bags or sacks contained 14.98 per cent. of crude fiber, and no less."

Appellant attacks said law, claiming that wherein it prescribes that the label stating that said feeding stuff contains "substantially" a larger per cent. of protein, etc., than is contained therein, is so indefinite and of such doubtful construction that it cannot be understood, and that, under article 6, P. C., it is therefore wholly inoperative. This question is not free of difficulty. It seems if we should follow our Supreme Court in the case of the State v. Railway Co., 179 S. W. 867, holding that "light repairs," in our car shed statute, is not too indefinite or uncertain, and the case of State v. Railway Co., 154 S. W. 1159, under our "water-closet" statute, holding that statute valid, and Bradford v. State, 180 S. W. 702, and the authorities cited in those cases, appellant's attack should not be sustained. However, under the provisions of our Penal Code, and under the authorities in point cited in State v. I. & G. N. Ry. Co., 165 S. W. 892, by the Court of Civil Appeals at Galveston, this court has reached the conclusion that

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that part of said article 735, P. C., which attempts to make it an offense, if the label on the article of feeding stuff states that it contains "substantially" a larger percentage, etc., than is therein, is too indefinite and too uncertain to prescribe an offense. There is a difference between what certainty must be prescribed to make an offense from that which exempts from an offense, and said cases in 179 S. W. and 180 S. W. could be distinguished from this case, but the case in 154 S. W. might not be. Evidently different persons might differ as to what would be "substantially" such larger percentage. For instance, one court or jury might hold that 1 per cent. less, or even if a less per cent. than that is stated, would be a violation of the law, while another might hold that 10 or more per cent. less would not be. We are aware that the Supreme Court in 179 S. W., supra, overruled the Galveston Court of Civil Appeals, that "light repairs" was not too indefinite. So that this court holds that that part of the said article attempting to prescribe an offense is inoperative.

It will be noticed, however, that said article 735 prescribes another offense from that attempted to be prescribed, discussed above, and that is, it makes it an offense for any agent, etc., to sell, etc., said feed stuff when "a smaller quantity of crude fiber than is contained therein," is stated to be therein on the label. The complaint and information charge this offense as well as the other. Therefore we cannot reverse and dismiss this prosecution because of the invalidity of the first charge, but appellant can be held for trial under the other.

[1] Another contention by appellant is that there is a fatal variation between the allegation and the proof, in that the information avers that appellant was the agent, etc., of said oil and gin company, "an incorporated company," and that having alleged this, it was necessary to prove it, and that instead of the proof showing that said oil and gin company was a corporation, that it was proven a partnership, and not an incorporated company. In the opinion of the writer this does not present reversible error, for it was immaterial whether the concern for which appellant was agent was an incorporated company or a partnership, and that that line of authorities which holds that where it is necessary to allege that the injured person is a corporation it is necessary to prove it, does not apply. Appellant also complains that the evidence is wholly insufficient to show that appellant made the alleged sale to Moffitt. We think his contention on this point is correct. The evidence does not show that appellant made the alleged sale to Moffittt. It does not show who made the sale, but tends rather to show that the firm itself made the sale. No other question need be discussed.

The judgment is reversed, and the cause remanded.

## On Motion for Rehearing.

The contention now made by appellant in his motion for rehearing is that the true construction of article 735, P. C., is that the word "substantially" applies as well to "a smaller quantity of crude fiber" as it does to "a larger percentage of protein," etc., and that the intention of the Legislature was that said word "substantially" should apply to both.

In the original opinion it was held that said word applied to the latter. If appellant's contention now is correct, it must result in a reversal and dismissal of this cause. This question now presented was not made on the submission on this point as it now is, and hence escaped that careful attention and consideration which should have been given to it. In order to try to make clear the question said article 735, as it applies in this case, will be here succinctly stated: Any agent selling any concentrated commercial feeding stuff with a label stating that said feeding stuff contains substantially a larger percentage of protein, or a smaller quantity of crude fiber than is contained therein, shall be fined, etc.

[2] Upon a careful and thorough consideration of the statute and the question, we have concluded that appellant's contention is correct, and that the true construction is, and the probable intention of the Legislature was, that the word "substantially" should apply to "a smaller quantity of crude fiber" as it does to "a larger percentage of protein," etc.; in other words, that the said article in this respect properly construed and as intended by the Legislature was as if it read this way: Any agent selling any concentrated commercial feeding stuff with a label stating that said feeding stuff contains substantially a larger percentage of protein, or (substantially) a smaller quantity of crude fiber, than is contained therein, shall be fined, etc. By this it will be seen that the statute should be interpreted as if the word "substantially" was contained therein before the words "a smaller quantity of crude fiber." It is deemed unnecessary to enter into a discussion and citation of the rules of construction whereby this conclusion is reached.

The result is that a rehearing must be granted, the original order reversing and remanding the cause set aside, and the cause reversed and dismissed, which is accordingly ordered.