TEXAS Co. *v.* BRYANT, Commissioner, *et al.*

Opinion filed February 28, 1942.

For former opinion see 178 Tenn., 1, 152 S. W. (2d), 627.

SEAY, STOCKELL & EDWARDS, of Nashville, and ALBERT VAN DUSEN of New York City, for complainant Texas Co.

ERNEST F. SMITH, Assistant Attorney-General, and HAMMOND FOWLER, EMMETT CONNER, and WILL T. ABERNATHY, all of Nashville, for defendant S. E. Bryant.

JOSEPH MARTIN, of Nashville, for defendant J. B. Oliver,

MR. SPECIAL JUSTICE ALAN M. PREWITT delivered the opinion of the Court.

This case is before the Court on a petition to rehear and has been again briefed by both parties. The petition to rehear again calls our attention to the case of *Gulf Refining Co.* v. *Huffman & Weakley,* 155 Tenn., 580, 297

S. W., 199. In that case there was a question of negligence involving a jury question on tort liability, wholly different from any question involved in this case. Counsel for the State refer to a recent decision of the Supreme Court of Washington (Department 1), in the case of *Mulhausen* v. *Bates*, 9 Wash. (2d), 264, 114 P. (2d), 995. That case involved the status of a salesman of the company whose full time was devoted to the selling of oleomargarine in Yakima Valley. There could be no possible question but that the master and servant relation existed there, whether the common law rule was a test or not. In that case, Department 1 of the Supreme Court of Washington quoted with approval from *McDermott* v. *State*, 196 Wash., 261, 82 P. (2d), 568, 570, as follows:

"It is unnecessary to determine whether the common law relation of master and servant exists between [appellant] and [farmer] . . . because the parties are brought within the purview of the unemployment compensation act by a definition more inclusive than that of master and servant."

In Department 2 of the same Court, in *Washington Recorder Publishing Co.* v. *Ernst*, 199 Wash., 176, 91 P. (2d), 718, 124 A. L. R., 667, it was held to the contrary, stating specifically that "A," "B," and "C" tests of employment were the tests recognized at common law for determining the relationship. Our opinion puts a construction upon the Tennessee Unemployment Compensation Act, Michie's 1938 Code, sec. 6901(1), *et seq.*, similar to that placed upon the Federal Social Security Act, 42 U. S. C. A., sec. 301, *et seq.*, by the United States Circuit Court of Appeals, Seventh Circuit, in *Indian Refining Co.* v. *Dallman*, 119 F. (2d), 417, decided April 11, 1941, and by the United States Circuit Court of Appeals of the Second

Circuit in the case of *Texas Co.* v. *Higgins,* 118 F. (2d), 636, decided April 4, 1941.

The *Higgins case, supra,* has been cited with approval by the United States Circuit Court of Appeals for the Tenth Circuit in the case of *H. C. Jones* v. *E. M. Goodson, et al.,* 121 F. (2d), 176, and by the United States District Court for the Western District of Kentucky, in the case of *Kentucky Cottage Industries, Inc.,* v. *Seldon R. Glenn,* 39 F. Supp., 642.

It results that we find no merit in the petition to rehear, and it is accordingly overruled.