In the Matter of the Claim of MARGARET H. FISCHER. FRIEDA S. MILLER, as Industrial Commissioner, Appellant; LILI SAPORTAS, INC., Respondent.

Submitted January 8, 1942; decided March 5, 1942.

*John J. Bennett, Jr., Attorney-General (W. Gerard Ryan* and *Henry Epstein* of counsel), for appellant. The claimant was an employee of the respondent. (Cons. Laws, ch. 31, § 502, subd. 3, ¶ [3] [b]; Cons. Laws, ch. 67, § 56.)

No appearance for respondent.

LEHMAN, Ch. J. The claimant was employed as an " alteration finisher of dresses " in the shop in which Lili Saportas, Inc., conducts its business of selling " ready-to-wear " dresses. There customers may have dresses which have been sold to them altered and fitted. An additional charge is made for that service and is included in bills sent to customers. Lili Saportas, Inc., does not hire the fitters or seamstresses who make these alterations for its customers. It has engaged one Lillian E. Epstein to perform that work through her own employees, for the convenience of the customers. Lillian E. Epstein employed the claimant and directed and supervised her work. The question presented upon this appeal is whether Lili Saportas, Inc., is liable for contributions to the unemployment insurance fund in accordance with the provisions of the unemployment insurance law (Labor Law, art. 18; Cons. Laws, ch. 31; L. 1935, ch. 468).

The unemployment insurance appeal board of the Department of Labor has found that Lillian E. Epstein is an independent contractor and that employees, like the claimant, of the independent contractor may not be deemed employees of Lili Saportas, Inc. The independent contractor indicated to the customer what alterations were necessary and arranged with the customer the amount of the charge for such alterations. Though the contractor performed her work in the shop, she alone directed and supervised the work and hired and discharged those engaged in it. She paid for all the materials and supplies in connection with the work. At the end of each week she delivered to the appropriate person in the shop a statement of the work that was done and the charges agreed upon with the customer. She was paid by the shop the amount

of such charges and the shop thereafter collected those charges from the customers. Certainly it cannot be said that as matter of law the conventional relationship of employer and employee existed between the claimant and the proprietor of the shop where her work was done.

· Liability for contributions to the unemployment insurance fund, in accordance with the provisions of article 18 of the Labor Law, does not, however, in all cases depend upon the existence of the conventional relation of employer and employee. In that statute it is provided that " In determining whether an employer is subject to this article, and in determining for what contributions he is liable hereunder, such employer shall, whenever he contracts with any person for any work which is part of such employer's usual trade, occupation, profession or enterprise be deemed to employ all employees employed by such person for such work, and he alone shall be liable for the contributions hereunder with respect to wages paid to such employees for such work, unless such person performs work or is in fact actually available to perform work for anyone who may wish to contract with him and is also found to be engaged in an independently established trade, business, profession or enterprise." (§ 502, subd. 3, par. [3] [b].) It has been held that this provision does not impose liability upon the respondent Lili Saportas, Inc., in this case and the Industrial Commissioner asks this court to review that holding.

Upon this record the conclusion seems inescapable that alteration of " ready-to-wear " dresses in the shop of Lili Saportas, Inc., is part of the usual " trade, occupation, profession or enterprise " conducted by it. The undisputed evidence shows that the independent contractor does not perform work and is not, in fact, " actually available to perform work for anyone who may wish to contract with [her] " and is not engaged " in an independently established trade, business, profession or enterprise." The respondent Lili Saportas, Inc., has not appeared in this court to point out the ground upon which it might be held that under the provisions of the statute it is not to be " deemed to employ " all persons

employed by the independent contractor. In our opinion the respondent must, as matter of law, be deemed such employer.

The order of the Appellate Division should be reversed, the decision of the unemployment insurance appeal board annulled, with costs in this court and in the Appellate Division, and the matter remitted to the board to enter a decision in accordance with this opinion.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.