Wolfe *v.* Bryant, Commissioner of Labor.

(*Nashville*, December Term, 1943.)

Opinion filed June 10, 1944.

358

WINCHESTER & BEARMAN, of Memphis, and SEAY, STOCKELL & EDWARDS and ELKIN GARFINKLE, all of Nashville, for complainant-appellee.

A. G. EWING and W. L. MOORE, both of Nashville, for defendant-appellant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bills in these consolidated causes were filed by William Wolfe, a resident of Shelby County, Tennessee, against Defendant, S. E. Bryant, as Commissioner of Labor of Tennessee, to recover taxes paid in the total sum of $1,972.71 under protest, on account of an assessment by the Commissioner, alleged to be in accordance with the Unemployment Compensation Law, Code, section 6901.1 *et seq.* The taxes were for the years 1938, 1939,

1940 and 1941. Complainant also sought to recover interest on the amount so paid at the legal rate of interest under Code, section 1793.

William Wolfe has been for many years engaged in the haberdashery business, selling men's clothing in Memphis, Tennessee. He has only six employees and would not, therefore, be subject to taxes under the Unemployment Compensation Law, where the minimum is fixed at eight employees, unless the employees of Morris Olswing, who has a tailoring shop on the same premises as those occupied by Wolfe, and is employed by the latter to make alterations on the clothing, are to be added to the employees of Wolfe to make a total of more than eight employees under the Act.

The facts are not in dispute and are stipulated.

Until about nine years ago Olswing conducted a separate tailoring business in the City of Memphis, and at that time, because it was mutually convenient, he moved his business to the premises occupied by Wolfe. He now does all the alteration on ready-to-wear clothing for Wolfe, at a stipulated price per garment worked. He also has customers of his own for whom he does tailoring and these are entirely independent of Wolfe and his customers. He owns his own machinery and equipment, furnishes his own materials, even for the alterations on suits for Wolfe; hires, discharges, fixes the wages, directs and controls his help, fixes their hours of work and methods used. It is not shown by the record what proportion of Olswing's total work arises out of the alterations for Wolfe, and what proportion is a result of sales to other customers.

After a hearing and exhaustive opinion by the Chancellor, a decree was entered below for the complainant Wolfe, with judgment for the amount of taxes paid, and interest

at six per cent from the date of his payment, in a total amount of $2,125.53.

From this decree the Commissioner has perfected his appeal and assigned errors:

1. That the Court erred in holding that the business conducted by Olswing was not a part of the usual trade or occupation of Wolfe, and that the employees of Olswing could not be termed employees of Wolfe.

2. In holding that Wolfe employed less than eight persons.

3. In allowing interest on the recovery.

The determinative question is a construction of the following sections of the Act, Code, section 6901.19(e):

"Whenever any employing unit contracts with or has under it any contractor or subcontractor for any work which is part of its usual trade, occupation, profession, or business, unless the employing unit as well as each such contractor or subcontractor is an employer by reason of section 19(f) [6901.19] or section 8(c) [6901.8 (c)] of this act, the employing unit shall for all the purposes of this act be deemed to employ each individual in the employ of each such contractor or subcontractor for each day during which such individual is engaged in performing such work."

Section 6901.19 (g) (6):

"Services performed by an individual for wages shall be deemed to be employment subject to this act *unless and until it is shown to the satisfaction of the commissioner that*: . . . (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business." (Italics ours.)

It is the duty of this Court to so construe the foregoing provisions as not to render the Act, even in part, invalid on account of arbitrary classification or definition.

*In re Chicago, R. I. & P. R. Co.* (7 Cir.), 90 F. (2d), 312, 113 A. L. R., 487; *Washington Recorder Publishing Co.* v. *Ernst*, 199 Wash., 176, 91 P. (2d), 718, 124 A. L. R., 667; *Benner-Coryell Lumber Co., Inc.*, v. *Indiana Unemployment Compensation Board*, 218 Ind., 20, 29 N. E. (2d), 776.

The one case cited by defendant Commissioner, which seems most helpful, is *In re Fischer* (*Lili Saportas, Inc.*), 287 N. Y., 497, 41 N. E. (2d), 71. In that case the protesting taxpayer, Lili Saportas, employed a woman named Lillian Epstein to alter and finish ready-made dresses sold by Saportas. Lillian Epstein's employees were seamstresses and fitters. Epstein had the exclusive right to hire, fire, and control them. She had her own equipment but occupied common space with Saportas. She had no customers other than those sent her by Saportas. She agreed with the customers of Saportas on her charges and these were paid by Saportas and billed to the customers by the latter. The language of the New York statute is very similar to our own, except for one provision which is not in the statute of Tennessee, and which is—that a contractor or subcontractor who does work as a part of the employer's usual trade, occupation, profession or enterprise, shall have his employees added to those of the employer, "unless such person performs work or is in fact actually available to perform work for anyone who may wish to contract with him and is also found to be engaged in an independently established trade, business, profession or enterprise." Labor Law, Consol. Laws, chap. 31, sec. 502, subd. 3 (3) (b).

It appeared that Lillian Epstein did not have any customers other than those sent her by Saportas. In holding Saportas liable for the taxes, the Court said:

"Upon this record the conclusion seems inescapable that alteration of 'ready-to-wear' dresses in the shop of Lili Saportas, Inc., is part of the usual 'trade, occupation, profession or enterprise' conducted by it. The undisputed evidence shows that the independent contractor does not perform work and is not, in fact, 'actually available to perform work for anyone who may wish to contract with (her)' and is not engaged 'in an independently established trade, business, profession or enterprise.' " 287 N. Y., at page 499, 41 N. E. (2d), at page 72.

In view of the *In re Fischer (Lili Saportas, Inc.)*, *supra*, opinion, which was evidently not available to the Chancellor since he makes no reference to it in his opinion, which is supported by a wealth of authorities, we feel that a tailor who "makes alterations" may or may not be a part of the "established trade, business, profession or enterprise" of a haberdasher selling "ready-to-wear" clothes, and the determinative fact appears to us to be whether such tailor, in addition to his work for the haberdasher, "is customarily engaged in an independently established trade, occupation, profession or business." Code, section 6901.19 (g) (6) (C). This language of our Tennessee statute is almost identical with that which the New York Court of Appeals found determinative in the *Saportas Case, supra.*

It was upon this business operation that the taxpayer was held to be taxable in the *Saportas Case*, and we think it follows that the taxpayer here, William Wolfe, must be held to be non-taxable, as was found by the Chancellor, since he had an independently established business from customers other than those of Wolfe's, and with whose work and money Wolfe had nothing to do.

We think, therefore, that the Chancellor was correct in holding that the business of Olswing was independent

of that of William Wolfe, and that his decree in that regard should be affirmed.

▉ Clearly, this is a very close question, but the Unemployment Compensation Act has been held to be a taxing statute and it has been further held by this Court that in a case where suit was brought to recover back taxes paid under protest under the Act, doubt must be resolved in favor of the taxpayer and against the taxing authority. *Guaranty Mortg. Co. of Nashville* v. *Bryant*, 179 Tenn., 579, 586, 168 S. W. (2d), 182.

▉ Finally, it is assigned as error that the Chancellor erred in allowing interest on the amount of taxes paid under protest from the date of their payment. It is expressly provided in section 6901.14 (d) of the Code, that any suit by an employer to recover back taxes paid under protest, shall be brought in accordance with the provision of Code, section 1790 through 1799, inclusive, and that said sections control the litigation. By section 1793 it is provided that upon the allowance of a recovery, the Chancellor or Judge may order a refund of the amount "wrongfully paid . . . together with such interest as the court may determine to be proper, not exceeding the legal rate." Clearly, this leaves the matter of interest to the sound discretion of the Chancellor or Judge, and we find no abuse of this discretion in the instant case, and the assignment in that regard is accordingly overruled.

All assignments of error are overruled and the decree of the Chancellor is affirmed.

GREEN, C. J., and PREWITT, NEIL and CHAMBLISS, JJ., concur.