SITZ *v.* BRYANT *et al.*

(*Nashville,* December Term, 1946.)

Opinion filed May 3, 1947.

John H. Marable, Jr., of Tracy City, for complainant.

Lawrence N. Spears, of Chattanooga, and W. P. Cooper, of Nashville, for cross-defendants.

Hammond Fowler of Rockwood, and W. L. Moore, of Nashville, for Bryant, Com'r.

Mr. Justice Gailor delivered the opinion of the Court.

The bill in this cause was filed in the Chancery Court of Davidson County to recover the sum of $182.65 paid under

protest on an assessment under the Unemployment Compensation Act (Code secs. 6901.1 *et seq.*). To support a recovery it was alleged in the bill, first, that Complainant was not an employee within the meaning of the Act, but was a foreman for the Tennessee Consolidated Coal Company, and second, that if this was erroneous and he was held to be an independent contractor, that he had only seven employees, had never expressed a desire to come under the provisions of the Act (Code sec. 6901.8) and that therefore, the action of the Defendant Commissioner in assessing and collecting contributions from him (Complainant) was erroneous.

It is further alleged in the bill that the business of the Complainant was the cutting of mine props and mining timber for the Tennessee Consolidated Coal Company, that for the purpose of this work he had seven employees, but it is asserted that over these he was acting only as foreman for the Company, that he sold props and timber to no one else; the electric power used in the saw mill operated by Complainant was paid for by the Coal Company; that all records of employment of the seven individuals, employees, were kept in the offices and by the agents of the Coal Company which made the necessary returns for Federal Social Security and taxes, and that Complainant exercised no authority over the seven employees except such as was supervisory and as a foreman for the Company.

The Defendant Commissioner filed an answer to the bill in which he averred that he had been furnished with a written signed application by the Complainant by which he elected to become a liable employer under the Act (Code sec. 6901.8) and that pursuant to said election, Complainant had made three quarterly payments as a liable employer and that since the notice of election

Complainant had never given written notice requesting termination of liability as required by the Act.

The Defendant Commissioner further asserted that if he was in error in holding the Complainant liable as an employer, and if the Court found that the Complainant was in fact an employee of the Tennessee Consolidated Coal Company, that then that Company would be liable for the amounts assessed against Complainant under the Unemployment Compensation Act, and he therefore filed his answer as a cross-bill bringing in the Coal Company as a cross-defendant. The Coal Company first demurred to the cross-bill and this demurrer was in part sustained and in part overruled by the Chancellor. Thereupon the Company filed an answer to the cross-bill in which it denied that Complainant Sitz or any of Sitz's employees were employed by it during the period of time for which the assessment has been made, and alleged that Defendant was an independent contractor and his seven employees separately and independently employed by him without control of the Company.

Proof was taken and upon the final hearing the Chancellor found that Complainant was an independent contractor and not an employee of the Tennessee Consolidated Coal Company; that Complainant had elected under Code sec. 6901.8, to come under the provisions of the Tennessee Unemployment Compensation Act, and that therefore the sum in controversy had been properly assessed and collected by the Defendant Commissioner from the Complainant. The Chancellor, therefore, denied the relief sought in the original bill and dismissed the same.

From this decree Complainant has appealed and assigned errors. The first assignment is that the Chancellor erred in holding and finding that Complainant was an independent contractor and not an employee of the

Tennessee Consolidated Coal Company. There is really little dispute about the facts. The only question is the proper legal interpretation of those facts as making of the Complainant an independent contractor or an employee of the Consolidated Coal Company.

The work which the Complainant presently does for the Coal Company was formerly done by a partnership composed of Sitz, the Complainant, and a man named Martin. Martin dropped out of the picture and the Complainant continued to furnish props and other support timber at the mines of the Company by trucks owned and operated by him. He, individually, has a contract with the Union of which the seven employees are members, and this contract is specifically with Complainant Sitz, and not with the Coal Company. It is true that both the Complainant and his employees are paid at the Company's office, but this service as well as the incidental bookkeeping was done by the Company on demand of the Union, and gives no indication of a relationship of master and servant between the Company and the seven employees of Complainant.

The nature of the operation is that the Complainant furnishes the timber props and supports at the mines of the Company, and the Company figures the amount it owes the Complainant therefor, keeps those amounts in its book and out of them pays Federal Social Security and other taxes for Complainant's employees but pays no Social Security for Complainant himself, and after all expenses have been deducted, it pays the Complainant what it owes him for timber furnished, and also pays his employees at a rate fixed by the Complainant with the employees. We think it clear from the record that the Company exercises no control or supervision over the details of Complainant's operations, and that the Company

controlled only the result. This is the essential test: "The right to control the 'result' is not determinative of the existence of the relation of master and servant, but the actual control of means and method is." *McDonald* v. *Dunn Construction Co.*, 182 Tenn. 213, 220, 185 S. W. (2d) 517, 520; *Texas Company* v. *Bryant,* 178 Tenn. 1, 152 S. W. (2d) 627; *Phillips* v. *Tennessee Eastman Corporation,* 160 Tenn. 538, 26 S. W. (2d) 1051.

█ We think the great preponderance of the evidence supports the finding of the Chancellor that the Complainant was an independent contractor, and the first assignment of error is, therefore, overruled.

█ The second assignment of error is that the Chancellor erred in holding that Complainant had elected to come within the provisions of the Tennessee Unemployment Compensation Law. The pertinent provisions of the Act with regard to election are contained in Code sec. 6901.8 (c) (1), and are as follows: "An employing unit, not otherwise subject to this chapter, which files with the commissioner its written election to become an employer subject hereto for not less than two calendar years, shall, with the written approval of such election by the commissioner, become an employer subject hereto to the same extent as all other employers, as of the date stated in such approval, and shall cease to be subject hereto as of January 1 of any calendar year subsequent to such two calendar years, only if at least thirty days prior to such 1st day of January, it has filed with the commissioner a written notice to that effect."

A document purporting to be such a written election by Complainant was filed by the Defendant Commissioner as part of his proof. The document is dated October 31, 1939, and signed by Frank Sitz by R. B. Ivy. Complainant denied that the signature by Ivy was authorized, or that he

knew anything about the document in question. However, it was developed that Ivy is a son-in-law of Complainant and the presumption would, therefore, be that he was authorized to act for his father-in-law. However, that becomes unimportant since after the filing of the written election, Complainant actually paid a number of installments assessed against him under the Act, and so clearly ratified the election. The doctrine of ratification is so fundamental a principle of the law of agency as to require no specific authority. We find no merit in the second assignment and it is overruled.

The third assignment of error is that the Chancellor erred in holding that the filing of the present suit was not sufficient notice (Code sec. 6901.8, *supra*) to evidence Complainant's intention to repudiate his written election and cease to become a "liable employer" under the Act. This assignment is supported only by a statement of counsel concerning the terms and conditions of an agreement under which this suit was filed. There is no evidence of such agreement in the record, and no such agreement is mentioned in the orginal bill. Without clear proof of such an agreement the mere filing of the bill would be insufficient to comply with the statutory requirements for the repudiation of the election (Code sec. 6901.8 (c) (1), *supra*). The third assignment of error is accordingly overruled.

Finally, it is assigned as error that the Chancellor erred in taxing Complainant with costs. It is insisted that the bill was filed in good faith and that notwithstanding the fact that the Complainant was the unsuccessful party that the costs should have been assessed against the Defendant Commissioner. We find no error in the action of the Chancellor in this regard since on the entry of the

final decree the assessment of costs was entirely within his discretion (Code sec. 10603).

All assignments of error are overruled and the Chancellor's decree is in all respects affirmed. The Appellant will pay the costs.

All Justices concur.