J. Goldsmith & Sons Co. *v.* Hake.

*(Nashville*, December Term, 1947.)

Opinion filed July 17, 1948.

SNOWDEN, DAVIS, BROWN, McCLOY & DONELSON and SAM A. MYAR, JR., all of Memphis, for appellant.

W. L. MOORE and HOWARD C. VADEN, both of Nashville, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant filed its original bill in the Chancery Court of Davidson County to recover unemployment compensation taxes which it paid under protest. The bill charges that complainant is engaged in operating a large department store in Memphis, Tennessee, and leases out parts or sections of its building to persons whose business is entirely independent of complainant;

that none of these lessees employ more than eight persons; that the "complainant does not hire or have control over the employees of said departments, but are under the exclusive control of these separate departments."

The amount sought to be recovered represents unemployment taxes assessed against and paid on the employees of (1) F. W. Paul, "who owns and operates the Paint & Wallpaper Department"; (2) on the employees of Zaven Kish, "who owns and operates the Oriental Rug Department"; (3) on the employees of Dr. T. W. Edwards, "who owns and operates the Optometry Department," all in complainant's store building.

The bill further charges "that the employees of these departments are not employees of complainant for the purposes of the Tennessee Unemployment Compensation Law," and that "if the law is interpreted so as to cause said employees to be considered employees of complainant the section which produces such a result violates the Constitution of Tennessee, Article 1, Section 8, and Article 11, Section 8, because it creates an unreasonable, arbitrary and capricious classification among taxpayers."

The defendant answered and admitted that none of the departments in question employed a sufficient number of persons to create individual liability under the Unemployment Compensation Law, Williams' Code, sec. 6901.1 et seq. The answer denied (1) the complainant did not exercise dominion and control over the departments and its employees; (2) that the work of said departments is not within the usual scope of complainant's business, and (3) denied that any section of the law violated any constitutional provisions.

The hearing was conducted in accordance with the forms of chancery. The Chancellor dismissed the bill

and complainant appealed to this Court and has assigned errors which singly and collectively challenge the correctness of the Chancellor's decree.

The assignments of error are as follows:

"1. The Chancellor erred in holding that substantial control was retained by the complainant over the leased departments and their employees.

"2. The Chancellor erred in holding that the case of *Levy's Ladies Toggery, Inc.* v. *Bryant*, 1946, 183 Tenn. 372, 192 S. W. (2d) 833 was controlling and determinative of the issue in this case.

"3. The Chancellor erred in holding that the complainant was the employing unit of the employees of the leased department herein within the meaning of Sec. 19(e) of the Tennessee Unemployment Compensation Law".

4. The Chancellor erred in his construction of Sec. 19(e) of the Unemployment Compensation Law and that it "did not violate the Constitution of Tennessee."

The Chancellor's opinion, which is questioned by the foregoing assignments of error, is as follows:

"The pertinent provisions of said Sec. 6901.19(e) of the Tennessee Act under which the taxes were levied, are as follows:

" 'Whenever any employing unit contracts with or has under it any contractor or subcontractor for any work which is part of its usual trade, occupation, profession, or business, unless the employing unit as well as each such contractor or subcontractor is an employer by reason of section 19(f) or section 8(c) of this act, the employing unit shall for all the purposes of this act be deemed to employ each individual in the employ of each such contractor or subcontractor for each day during

which such individual is engaged in performing such work; except that each such contractor or subcontractor who is an employer by reason of section 19(f) or section 8(c) of this act shall alone be liable for the employer's contributions measured by wages payable to individuals in his employ.'

"One of the questions presented herein is whether or not the complainant is an employing unit within the meaning of the above quoted section of the Code.

"It appears from the record in this cause that the complainant had entered into lease contracts with F. W. Paul, Zaven Kish and Dr. T. W. Edwards, on the respective dates of November 1, 1936, June 14, 1938 and March 1, 1941. Copies of the rental contracts were made exhibits in the cause, and constitute the best evidence of the relationship between the complainant and said parties.

"It appears from said contracts that the complainant was to furnish the lessees lights, heat, elevator service, and janitor and porter service.

"All advertising was to be under the supervision of complainant and satisfactory to it. The *pro rata* expense was to be borne by the lessees, but the record shows that all of said advertising was done in the name of the complainant.

"Complainant was to handle all funds, keep the books, records and accounts, and make settlements at stated times with the lessees, retaining for the benefit of the complainant, the percentage agreed upon between said parties under the respective contracts.

"The complainant had the right to require the lessees to keep in their employ sufficient and competent help both in number and ability to properly carry on the de-

partments of said lessees.. The complainant reserved the right to require said lessees to discharge any employee if and when such employee became objectionable to said complainant.

"The complainant reserved unto itself the control of any credit to be extended by the lessees in carrying on their departments. Any dispute arising in connection with the business of the various departments were to be settled by the complainant.

"With respect to dispute, the contract between the complainant, J. Goldsmith Sons & Company as first party, and F. W. Paul as second party, contains the following provision:

" 'Thirteenth: All disputes arising in connection with the business of said Department, whether with the employees or customers, shall be finally settled by a representative of the party of the first part, and the party of the second part agrees to accept his decision in every instance.'

"In the Kish contract, Kish being the lessee, it is provided:

" '14. The lessor shall handle all funds connected with the Oriental rug department as it handles its own customers accounts, shall approve and adjust all credit extended by the Oriental rug department and shall have final authority in the matter of all adjustments with the customers on claims and credits including oriental rugs or other merchandise repossessed or taken back for non-payment of account . . . "

"In the Edwards contract, wherein Edwards is the lessee, it is provided as follows:

" 'Sixteenth: All disputes arising in connection with the business of said department, whether with employees

or customers, shall be finally settled by a representative of the lessor, and the lessee agrees to accept this decision in every instance.'

"The very recent case of *Levy's Ladies Toggery* v. *Bryant*, 183 Tenn. 372, 192 S. W. (2d) 833, dealt with the question herein involved, and the facts of that case were so similar to the facts in the case at bar, that this Court deems it controlling and determinative of the issue herein presented.

"In the *Levy Case* the Supreme Court affirmed the Chancellor's finding that the lessor retained substantial control of the lessee. When the rights retained by the complainant, J. Goldsmith Sons & Company, in its contracts with the lessees herein, are considered, and especially the right to settle all disputes between said lessees and their customers, the Court can not reach any conclusion other than that substantial control was retained by said complainant.

"There is no doubt but that complainant has acted in good faith and did not enter into said contracts for the purpose of avoiding taxes, but this fact is not sufficient to relieve tax liability if the arrangement brings complainant within the taxing statute. (*Levy Case, supra.*)

"This Court is of the opinion, therefore, that the complainant herein is an 'employing unit' within the meaning of Section 6901.19(e) of the Tennessee Code.

"The complainant insists that to construe the Act as the defendant contends so as to tax certain employers of less than eight employees just beause of the location they choose for their business while exempting others in exactly the same class, would result in an arbitrary and capricious classification among tax payers without a basis in reason, and would render the Act unconstitu-

tional. We think the fallacy of this position is that the employers· do more than choose a location. They surrender substantial control of their business to the lessor, which in the Court's opinion, is a reasonable basis for classification, and has a fair relation to the object of the legislation in question. The taxes are imposed upon all who come within this class.

"It follows, therefore, that the Court is of opinion that the Act in question is constitutional and that complainant is not entitled to the relief sought.

"Decree accordingly.

"April 2, 1948

"Wm. J. Wade, Chancellor"

The finding of fact by the Chancellor is fully sustained by the record.

Counsel for complainant complain that the Chancellor was in error in holding that the *Levy Case, supra,* was controlling; that he overlooked, or failed to consider, the following cases in reaching an unsound conclusion, to wit: *Texas Co.* v. *Bryant,* 178 Tenn. 1, 152 S. W. (2d) 627 and Id., 178 Tenn. 680, 163 S. W. (2d) 71; *Guaranty Mortgage Co.* v. *Bryant,* 179 Tenn. 579, 168 S. W. (2d) 182; *Wolfe* v. *Bryant,* 181 Tenn. 357, 181 S. W. (2d) 343, and *Sitz* v. *Bryant,* 184 Tenn. 600, 201 S. W. (2d) 985.

It is pointed out in the defendant's brief, we think correctly, that the *Texas Co. Case* did not in any manner involve the provisions of Section 19(e) which the Commissioner applied in the instant case.

The two Federal cases cited by complainant, namely, *Indian Refining Co.* v. *Dallman,* 7 Cir., 119 F. (2d) 417, and *Texas Co.* v. *Higgins,* 2 Cir., 118 F. (2d) 636, cannot be considered as supporting authority for complainant because the Federal Unemployment Tax Act, 26 U. S.

C, A. Int. Rev. Code, sec. 1600 et seq., does not contain a provision similar to that contained in our own Act and particularly Section 19(e).

The case of *Guaranty Mortgage Co.* v. *Bryant, supra,* involved the question of whether or not certain real estate salesmen were employees of the Guaranty Mortgage Company, also whether or not there was a relationship of master and servant between them. This case is no authority for complainant's insistence.

In the case of *Wolfe* v. *Bryant, supra,* the Court held that a tailor doing outside work, altering and mending garments, was not engaged in the regular occupation and business of a haberdasher who was engaged in ''ready-to-wear'' clothing. In this case it was said the business of a tailor performing such work might or might not be a part of the usual haberdasher business, but cited *In re Fischer,* 287 N. Y. 497, 41 N. E. (2d) 71, to the effect that where he did outside work his business was not a part of the usual trade or occupation of the haberdasher.

The case of *Sitz* v. *Bryant, supra,* has no application to the issues involved in the present controversy because it was expressly held that Sitz had elected to become an employer under Section 8(c) of the Act.

We have examined the lease contract in the *Levy Case* and contracts between complainant and its three lessees and they are substantially the same. The criticism of the Chancellor's opinion in following this case is not sustained by the record as is clearly and conclusively shown by his detailed finding of facts.

In support of complainant's assignments of error it is insisted that two tests must be applied simultaneously in order to create liability under Section 19(e) of the Unemployment Compensation Law, to wit: (1) The busi-

ness of the lessee must be a part of the usual trade or business of the lessor and (2) that the lessee is not a *bona fide* independent contractor.

We readily agree to the first proposition. But as to the second we must disagree because there is no provision in Section 19(e) which requires a finding that the contractor or subcontractor must be a *bona fide* contractor.

It appears from a careful reading of the statute (Section 19(e)) that it does not make the contractor or subcontractor an employee of the principal, but treats such contractor's employees as if they were directly employed by the principal, that is, they are so treated in order to bring them under provisions of the Unemployment Compensation Law. The law is not concerned with master and servant relationship, but deals with their business relationship for the sole purpose of preventing an evasion of the law. The question was raised in *Levy's Case, supra*, there held, 183 Tenn. 372, 192 S. W. (2d) 837:

"It was not necessary for the Commissioner of Labor to show, and for the court to find, a fradulent scheme between the complainant and Hiller to avoid the tax," etc., citing *Union Dry Goods Co.* v. *Cook*, 71 Ga. App. 708, 32 S. E. (2d) 190, in which it was said:

"It is immaterial whether the parties come within the relation of master and servant or independent contractors." See also *McDermott* v. *State*, 196 Wash. 261, 82 P. (2d) 568, 570.

The first, second and third assignments of error are overruled. We deem it unnecessary to discuss the fourth assignment which questions the chancellor's opinion as to the constitutionality of Section 19(e) as he

construed it other than to say that his reasoning is sound and his conclusion correct. The entire opinion shows a careful consideration of all questions made on this appeal and it is accordingly approved.

Affirmed.

All concur.