**Ex parte Harry RUBIN.**

**No. 34887.**

Court of Criminal Appeals of Texas.

Oct. 10, 1962.

Rehearing Denied Nov. 28, 1962.

**332**

————◆————

Simon & Simon, Richard U. Simon, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., and Richard Trickey, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Relator, who is in the custody of the Sheriff of Tarrant County, challenges the validity of such restraint on the grounds that the statute (Article 1436–2, Vernon's Ann.P.C.) under which he is charged is unconstitutional. The statute reads as follows:

"Any person, association of persons, corporate or other, who customarily engage in the business of obtaining motor vehicles for scrap disposal or resale of parts therefrom or any other form of salvage, shall immediately remove any unexpired license plates from such motor vehicle and place the same under lock and key. An inventory list of such plates showing the license number and the make and motor number of the motor vehicle from which such plates were removed shall be maintained on forms to be furnished by the State Highway Department. Upon demand the license plates and inventory lists shall be surrendered to the State Highway Department for cancellation. It is further provided that all Certificates of Title covering such motor vehicles obtained for scrap disposal, resale of parts or any other form of salvage shall, upon demand, be surrendered to the State Highway Department for cancellation. It shall thereafter be the duty of the State Highway Department to furnish a signed receipt for the surrendered license plates and Certificates of Title. Any person violating any provision of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000), or by confinement in the county jail not less than ten (10) days nor more than one (1) year, or by both such fine and confinement."

His attack upon the statute is phrased as follows:

"Said Statute is so vague and indefinite that it cannot and does not apprise the defendant of the nature of the charges against him, and said Statute is too uncertain and unclear in regard to setting out what persons are

within the scope of the Statute, in violation of Article 1, Section 10, of the Constitution of the State of Texas, and deprives Relator of due process of law, in violation of the 14th Amendment to the Constitution of the United States and of Article 1, Section 19, of the Constitution of the State of Texas and Article 6 of the Penal Code of the State of Texas."

█ We shall first discuss his contention that a charge under such a statute deprives him of due process under the Federal Constitution. In the relatively recent opinion (1957) of the Supreme Court of the United States in Roth v. U. S., 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, and which we conclude is here controlling, we find the following:

"This Court, however, has consistently held that lack of precision is not itself offensive to the requirements of due process. '* * * [T]he Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'"

█ As to his contention that the statute is so indefinite as to be inoperative under Article 6, Vernon's Ann.P.C., and the Texas Constitution, we call attention to the holding of this Court in Creech v. State, 70 Tex.Cr.R. 229, 158 S.W. 277, where this Court held that one was engaged in an occupation or business if he pursued the same whenever an opportunity presented itself. Attention is further directed to the holding of the Court in Ex parte Trafton, 160 Tex.Cr.R. 407, 271 S.W.2d 814 (1953), wherein we held the use of the term "excessive and unusual" not to be so indefinite as to render the statute inoperative. See also the cases cited therein.

Reliance is had, among other cases, upon Cogdell v. State, 81 Tex.Cr.R. 66, 193 S.W. 675 (1917), and Wilson v. State, 123 Tex. Cr.R. 415, 59 S.W.2d 399 (1933). In Cogdell, it was held that a statute which makes it unlawful to offer for sale commercial feeding stuff bearing a label stating that the product contained "*substantially* a larger percentage of * * *" was inoperative by virtue of Article 6, V.A.P.C., because the same was so indefinite and of such doubtful construction that it could not be understood. The statute in Cogdell sought to protect the public from being misled by a label which did not accurately describe the ingredients of a feeding stuff offered for sale. In the case at bar, a class of persons who "customarily" or "usually" engage in a certain business are required, for the protection of the public, to comply with certain rules. We conclude that while the phrase "substantially a larger percentage" may be indefinite, one who "customarily" or "usually" engages in a certain business "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Roth v. U. S., supra. See also Fuller Brush Co. v. Industrial Commission, 99 Utah 97, 104 P.2d 201, 129 A.L.R. 511; Smith v. Title Guarantee & Trust Co., 287 N.Y. 500, 41 N.E.2d 72; and Wolfe v. Bryant, 181 Tenn. 357, 181 S.W.2d 343; 25 C.J.S. Customarily 72.

In Wilson, the statute made unlawful the operation of an automobile by a person who was intoxicated *or in any degree* under the influence of intoxicating liquor. We agree that the absence of any standard whatsoever in this statute renders the same indefinite but for the reason set forth above conclude that such case is not here controlling.

We further overrule appellant's contentions that the phrases "any other form of salvage" or "such motor vehicle" are too indefinite to be operative.

█ Relator next contends that Article 1436-1, Section 37, V.A.P.C., and Article 1436-2, supra, both denounce the same conduct and, since they proscribe different penalties, are both inoperative. We answer

this contention by pointing out that the first statute relates to certificates of title only while the second relates to both license plates and certificates of title, and therefore they do not relate to the same conduct.

██ Relator's last contention is that this statute is unconstitutional since it discriminates against the class of persons "who customarily engage in the business of obtaining motor vehicles for scrap disposal * * *." A law is not unconstitutional so long as the unequal treatment of persons is based upon a reasonable and substantial classification of such persons. Rucker v. State, Tex.Cr.App.; 342 S.W.2d 325. Clearly, a salvage lot is entirely different from a used car lot alluded to by appellant because the inspection of the individual units in the first is far less frequent and less carefully made than in the latter, thus rendering the discovery of the loss of stolen license plates far less likely. We hold that the Legislature was clearly empowered to make this distinction, and rely upon Hall v. Gieger-Jones Company, 242 U.S. 539, 37 S.Ct. 217, 61 L.Ed. 480, as authority.

The writ of habeas corpus is denied.

## ON RELATOR'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

In his motion for rehearing, relator re-urges his contention that Article 1436–1, Sec. 37, and Article 1436–2 Vernon's Ann. P.C. may be violated by the commission of the same act or failure to act and that the conflict is fatal, a different punishment being provided.

██ We do not agree that Art. 1436–1, Sec. 37, which requires that the owner last named in the certificate of title shall surrender such certificate to the State Highway Department for cancellation when the motor vehicle to which such certificate of title has been issued is " * * * junked, dismantled, destroyed, or its motor number changed * * *, * * provides a punish-

ment for the same act for which a different punishment is provided in Art. 1436–2. The later statute provides that all certificates of title covering motor vehicles *obtained* for scrap disposal, resale of parts or any other form of salvage shall *upon demand,* be surrendered to the State Highway Department for cancellation. The former requires the surrender by the owner last named therein of the certificate of title when the vehicle is junked, etc., whether obtained for such purpose or not, no demand for such surrender being required.

██ If, however, the statutes do provide a different punishment for the same act, this would not render Art. 1436–2, the later of the two statutes, invalid.

If invalid, the provisions of Art. 1436–2 above quoted, which relate to certificates of title, may be stricken leaving the statute as it relates to license plates complete in itself and capable of being executed in accordance with the legislative intent, which statute must be sustained. Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W.2d 106; Ex parte Levinson, 160 Tex.Cr.R. 606, 274 S.W.2d 76.

Relator's second complaint is addressed to our holding that Art. 1436–2 was sufficiently definite as to the persons who are included within such act. He urges that Roth v. United States, cited in our original opinion, does not sustain such holding.

Be this as it may, it does not hold to the contrary and we entertain no doubt as to the correctness of our conclusion that Art. 1436–2, under which relator is charged, is sufficiently definite and is valid. The statute applies to persons who customarily, when the opportunity is presented, *obtain* motor vehicles for scrap disposal, resale of parts or any other form of salvage. It does not apply to persons "who customarily engage in the business of obtaining motor vehicles" for any other purpose. It requires immediate removal of any unexpired license plates *from such motor vehicle.* It requires that such license plates be placed under lock

and key; that an inventory list of such plates, showing the license number and the make and motor number of the motor vehicle from which such plates were removed, be maintained; and requires that *upon demand* the license plates and inventory lists shall be surrendered to the State Highway Department for cancellation. (Relator is charged with the violation of the last mentioned requirement of the statute.) The statute does not apply to license plates on a motor vehicle obtained for any purpose other than for scrap disposal or resale of parts or other form of salvage.

Relator's motion for rehearing is overruled.

MORRISON, Judge (concurring).

My views are expressed in the original opinion herein.