

# THE ATTORNEY GENERAL

# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 10, 1966

Honorable Grover Swift
County Attorney
Winkler County
P. O. Box 1015
Kermit, Texas

Opinion No. C-707

Re: Whether Article 1436-2,
V.P.C., authorizes the
prosecution of a person,
who is customarily en-
gaged in the business
of obtaining motor vehi-
cles for scrap disposal,
for failure upon demand
by the State Highway De-
partment to surrender to
such Department certifi-
cates of title to such
motor vehicles.

Dear Sir:

In your opinion request you state:

"A supervisor of investigation for the
Motor Vehicle Division has asked me to file
charges against an individual for failure to
turn over to the Department certificates of
title which have been demanded by the Motor
Vehicle Division on certain vehicles now on
said individual's property.

"This individual does not have the certi-
ficates of title to these vehicles which were
sold to him as junk. There is apparently no
problem concerning said individual's turning
over to the Motor Vehicle Division the license
plates which were on these vehicles.

"I have questioned the authority to file
charges in connection with his failure to
turn over the certificates of title which
have been demanded but which said individ-
ual does not have in his possession for the
following reasons, and I would like your
opinion as to my position:

"(1) Article 1436-1, Section 37, requires
'That the owner last named in the certificate
of title shall surrender such certificate to

-3413-

the State Highway Department for cancellation when the motor vehicle to which such certificate of title has been issued is . . . junk, dismantled or destroyed or its motor number changed.'

"(2) Article 1436-2 provides in part 'That all certificates of title covering such motor vehicles obtained for scrap disposal, resale of parts or any other form of salvage, shall upon demand, be surrendered to the State Highway Department for cancellation.'

"From reading these two statutes I find no requirement that the purchaser of the vehicles sold for scrap disposal, etc., as set out in 1436-2 be or is required to obtain from the seller a certificate of title for the automobile so purchased. On the contrary, Article 1436-1, Section 37, places the burden or requirement on the seller or person last named in the certificate to surrender such certificate to the State Highway Department and provides a penalty for his failure to do so when such automobile is junk, dismantled or destroyed. Article 1436-1 does not refer to the sale of such automobile."

Article 1436-2, Vernon's Penal Code, was passed as House Bill 805, Acts 57th Legislature, Regular Session, 1961, chapter 506, page 1118. The caption to said act provides:

"An Act to require any person, association of persons, corporate or other, who customarily engage in the business of obtaining motor vehicles for purposes of scrap, resale of parts therefrom or salvage, to surrender to the State Highway Department all unexpired vehicle license plates and Certificates of Title for such motor vehicles; providing for a penalty; and declaring an emergency." (Emphasis added.)

The legislative intent to require the salvage dealer to surrender both the license plates and the certificate of title upon demand is clearly set forth in the caption. This intent is further shown by the language of the act itself. Article 1436-2, Vernon's Penal Code, provides:

"Any person, association of persons, corporate or other, who customarily engage in the business of obtaining motor vehicles for scrap disposal or resale of parts therefrom or any other form of salvage, shall immediately remove any unexpired license plates from such motor vehicle and place the same under lock and key. An inventory list of such plates showing the license number and the make and motor number of the motor vehicle from which such plates were removed shall be maintained on forms to be furnished by the State Highway Department. Upon demand the license plates and inventory lists shall be surrendered to the State Highway Department for cancellation. It is further provided that all Certificates of Title covering such motor vehicles obtained for scrap disposal, resale of parts or any other form of salvage shall, upon demand, be surrendered to the State Highway Department for cancellation. It shall thereafter be the duty of the State Highway Department to furnish a signed receipt for the surrendered license plates and Certificates of Title. Any person violating any provision of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000), or by confinement in the county jail not less than ten (10) days nor more than one (1) year, or by both such fine and confinement."

This Act, passed some 22 years after Article 1436-1, Vernon's Penal Code, makes no mention of "the owner last named in the certificate of title". It deals solely with persons engaged in the business of salvage of automobiles and provides that they shall immediately remove any unexpired license plates from a motor vehicle obtained for scrap disposal or resale

of parts therefrom or any other form of salvage and to place the license plates under lock and key. They shall also make up an inventory list as required in said Article. Said Article further provides that the certificate of title covering such vehicles obtained (by the scrap dealer) for these purposes shall, upon demand, be surrendered to the State Highway Department for cancellation. Finally, said Article provides that it is the duty of the State Highway Department to furnish a signed receipt for the surrendered license plates and the certificate of title. If the legislature had intended for the license plates to be obtained from one person and the certificate of title from another person, they would have provided for receipts, not a receipt. Article 1436-1 and Article 1436-2 are separate and distinct acts, independent from each other. See Ex Parte Harry Rubin, 362 S.W.2d 331, (1962), which on rehearing held:

> "(6) We do not agree that Art. 1436-1, Sec. 37, which requires that the owner last named in the certificate of title shall surrender such certificate to the State Highway Department for cancellation when the motor vehicle to which such certificate of title has been issued '* * * junked, dismantled, destroyed, or its motor number changed * * *,' provides a punishment for the same act for which a different punishment is provided in Art. 1436-2. The later statute provides that all certificates of title covering motor vehicles obtained for scrap disposal, resale of parts or any other form of salvage shall upon demand, be surrendered to the State Highway Department for cancellation. The former requires the surrender by the owner last named therein of the certificate of title when the vehicle is junked, etc., whether obtained for such purpose or not, no demand for such surrender being required.
>
> "(7) If, however, the statutes do provide a different punishment for the same act, this would not render Art. 1436-2, the later of the two statutes, invalid."

It is the opinion of this office that a person, association of persons, corporate or other, who customarily engage in the business of obtaining motor vehicles for scrap disposal, resale of parts therefrom, or any other form of salvage must, upon demand, surrender to the State Highway Department both the license plates and the certificate of title covering a motor vehicle obtained for such purpose. This is true whether the salvage dealer purchases the motor vehicle or, as in your hypothetical situation, the motor vehicle is given to the salvage dealer.

## SUMMARY

Under the provisions of Article 1436-2, Vernon's Penal Code, a salvage dealer must, upon demand, surrender to the State Highway Department the license plates and certificate of title of a motor vehicle obtained for scrap disposal, resale of parts, or any other form of salvage.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Robert E. Owen*
ROBERT E. OWEN
Assistant Attorney General

REO/er

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Lonny F. Zwiener
Sam Kelley
John Banks
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright