

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 3, 1970

Honorable Carol S. Vance
District Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-739

Re: Surrendering of titles to
salvaged automobiles.

Dear Sir:

In your request for an opinion from this office you set forth the following fact situation:

> "Automobile insurance carriers have made a practice of acquiring salvaged vehicles from their respective insureds' whenever the insureds' have been compensated for the total loss of their vehicles. The certificates of title are endorsed in blank and surrendered to the insurance company paying the claim. Of course, the license plates are surrendered to the insurance company paying the claim. The carrier, in turn, places the salvaged vehicle in the Houston Salvage Pool, a common pool solely supported by the insurance industry. Prospective buyers are afforded the opportunity to inspect the vehicles placed in the salvage pool and thereafter, submit bids. The highest bidder is awarded the right to purchase the salvaged vehicle, and when the purchase is made, the certificate of title and license plates are surrendered to him, the buyer. Normally, the bids are submitted by junk dealers who, in turn, sell the salvaged vehicle, with its accompanying certificate of title and license plates, to the general public. The purchaser can rebuild the 'salvaged vehicle' and drive it with the certificate of title and license plates being completely valid."

Article 1436-2, Texas Penal Code states, <u>inter alia</u>:

> "Any person, association of persons, corporate or other, who customarily engages in the business of obtaining motor vehicles for scrap disposal or resale of parts therefrom or any other form of salvage, shall . . . It is further provided that all Certificates of Title covering such motor vehicles obtained for scrap disposal . . . shall upon demand be surrendered . . . for cancellation."

Your question is whether the members of the described association (an unincorporated common pool) are subject to the provisions of Article 1436-2, <u>supra</u>.

Scrap disposal or resale of parts need not be the sole business of a person or corporation in order for Article 1436-2, Texas Penal Code, to be applicable. It is only necessary that they do so whenever the opportunity presents itself. <u>Ex Parte Rubin</u>, 362 S.W.2d 331 (Tex.Crim., 1962). Attorney General's Opinion No. C-707 holds that the statute requires the surrender of the certificate of title.

It is therefore the opinion of this office that the described corporations are subject to the requirements of Article 1436-2, Texas Penal Code.

## S U M M A R Y

The members of an unincorporated pool dealing in automobile salvage operations are subject to the provisions of Article 1436-2, Texas Penal Code.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Carol S. Vance, Page 3, (M- 739 )


Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Larry Craddock
Dunklin Sullivan
Jerry Roberts
John Reese

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant